Leon Greenberg, NSB 8094
Dana Sniegocki, NSB 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard, Ste. E-4
Las Vegas, Nevada 89146
Tel (702)383-6085
Fax (702)385-1827

Christian Gabroy, NSB 8805
Gabroy Law Offices
The District at Green Valley Ranch
170 S. Green Valley Pkwy, Ste 280
Henderson, NV 89012
Tel (702)259-7777
Fax (702)259-7704

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK COHN, Individually and on behalf of a class of all similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> RITZ TRANSPORTATION, INC., AWG AMBASSADOR, LLC, ALAN WAXLER, and RAYMOND CHENOWETH, <br><br> Defendants. | **Case No.: 2:11-CV-1832-JCM-RJJ** <br><br> **PLAINTIFF'S MOTION FOR CIRCULATION OF NOTICE OF THE PENDENCY OF THIS ACTION PURSUANT TO 29 U.S.C. § 216(B) AND FOR OTHER RELIEF** |

Pursuant to 29 U.S.C. § 216(b) the plaintiff, through his

attorneys, Leon Greenberg Professional Corporation and Gabroy Law

Offices, hereby moves this Court for an Order directing that

other persons similarly situated to the plaintiff be given notice

of the pendency of this action and an opportunity to file written

1

1  consents with this Court to join this action as party plaintiffs

2  and for other associated relief including a toll of the statute

3  of limitations otherwise applicable to such persons' claims for

4  the period of time that this motion is pending before the Court.

5      Plaintiff's motion is made and based upon the declaration of

6  plaintiff and the memorandum of points and authorities submitted

7  with this motion and the other papers and pleadings in this

8  action.

9

10              **MEMORANDUM OF POINTS AND AUTHORITIES**

11                  **PRELIMINARY STATEMENT**

12      Plaintiff submits this memorandum of points and authorities

13  in support of his motion to advise persons similarly situated to

14  the plaintiff of the pendency of this action pursuant to 29

15  U.S.C. § 216(b) ("§ 216(b)") and toll the statute of limitations

16  for such persons to join this action while this motion is

17  pending.  This action is brought under the Fair Labor Standards

18  Act, 29 U.S.C. §§ 201-219 (the "FLSA") for unpaid overtime wages.

19                  **PROCEDURAL POSTURE OF THIS CASE**

20  **The Court is Being Asked to Assist
    Other Persons in Becoming "Opt In"**

21  **Plaintiffs Pursuant to § 216(b)**

22      This litigation is brought as an "opt in" representative

23  action under § 216(b) in respect to the FLSA claims and an

24  F.R.C.P. § 23 ("Rule 23") "opt out" class action in respect to

25  various Nevada State law claims.  The "opt in" procedure of §

26  216(b) prohibits any person from being a plaintiff in an FLSA

27  action unless he/she files a written consent with the Court.  A

28  Rule 23 class action certification of the plaintiffs' State Law

claims would bind all persons with such State Law claims unless

they "opt out" of this litigation.  These different procedural

approaches are not antagonistic and can be harmonized in a

complementary fashion.  *See*, *Ansoumana v. Gristede's Operating*

*Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001), *Brzychnalski v. Unesco,*

*Inc.*, 35 F. Supp. 2d 351 (S.D.N.Y. 1999), *Beltran-Benitez v. Sea*

*Safari*, 180 F. Supp. 2d 772 (E.D.N.C. 2001), and, most recently,

*Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 760 (9th Cir.

2010).

Plaintiff's counsel believes the facts of this case will
ultimately compel a Rule 23 class certification of the
plaintiff's State Law claims but makes no request for such class
certification as part of this motion.  This motion only requests
the circulation of a notice of the pendency of this action to
other persons pursuant to § 216(b) so they can "opt in" to this
litigation under the FLSA.  This is called a "collective action
certification for notice purposes" to distinguish it from a Rule
23 "class action" certification.

An immediate FLSA § 216(b) "opt in" notice is requested
because of the different processes used by § 216(b) and Rule 23.
Under § 216(b) no person is bound by, or benefits from, an FLSA
litigation unless they "opt in" by filing a written consent with
the Court, and the statute of limitations on such person's FLSA
claim continues to run until they file a written consent.  Under
Rule 23 all persons, except those who "opt out", are bound by the
litigation and the statute of limitations is tolled for all class
members when the Complaint is filed.  Rule 23 class actions,
because they affect many persons who have made no affirmative

3

choice to join the litigation (they have simply failed to "opt

out") require close judicial scrutiny and procedural safeguards

to protect such "silent" participants.  FLSA actions under §

216(b) do not present the same concerns.  FLSA plaintiffs make an

affirmative and conscious choice to "opt in" and join the

litigation and there are no "silent" FLSA participants whose

interests need to be protected by the Court.

The lack of a class wide toll of the statute of limitations

in FLSA cases should also cause the Court to err in favoring

providing notice to other persons of their "opt in" rights at the

earliest stage of the litigation.  Failing to provide such prompt

notice frustrates the FLSA's broad remedial purposes and its

specific grant of collective action rights to employees.

**The Courts Have Fashioned Notice Procedures In FLSA Cases**

The FLSA is silent on how notification should be given to

other similarly situated persons in § 216(b) collective actions.

*Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d

335, 336 (2nd Cir. 1978), was the most notable early Circuit

Court decision approving a District Court Order directing written

notice to similarly situated persons in a § 216(b) lawsuit.

*Braunstein* was endorsed by *Hoffmann-La Roche, Inc. v. Sperling*,

493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989),

overruling the 9th Circuit's contrary decision in *Kinney Shoe*

*Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977)(Holding that

notice of pendency could not be issued in § 216(b) actions).

QUESTIONS PRESENTED

Plaintiff's motion presents four general questions for the

Court's consideration:

4

1      1.   Should notice of the pendency of this action be given to

2   other persons "similarly situated", which for the purpose of this

3   motion is defined as (a) persons who were hired by defendants to

4   perform work as Shuttle Bus Drivers; (b) Performed bus driving

5   services in the State of Nevada; and (c) Were paid on a "straight

6   time no overtime" compensation system and did not receive

7   overtime pay as required by the FLSA?

8      2.   What form should such notice take? and;

9      3.   What time limit should the Court set for additional

10   persons to "opt in" to this litigation? and;

11      4.   Should the Court toll the statute of limitations for

12   persons who "opt in" to this case for the period of time it takes

13   the Court to decide this motion and for notice of this action to

14   be distributed?

15                        **STATEMENT OF FACTS**

16      Defendants, Ritz Transportation, Inc., AWG Ambassador, LLC,

17   (collectively "Ritz" or "the corporate defendants") and their

18   owners and managers, Alan Waxler ("Waxler") and Raymond Chenoweth

19   ("Chenoweth"), employ shuttle bus drivers to drive their

20   customers to and from various locations throughout the state of

21   Nevada.  The named plaintiff was employed by Ritz as a shuttle

22   bus driver in April 2010.  (Ex. "A" ¶ 2).  As a shuttle bus

23   driver, plaintiff was compensated on a "straight time no

24   overtime" basis, meaning he was paid his regular hourly amount

25   even for hours he worked that were in excess of 40 hours per

26   week.  *Id*. at ¶ 3.   This "straight time no overtime"

27   compensation system was the same for all of the shuttle bus

28   drivers employed by the defendants.  *Id*. at ¶ 4.  Frequently,

1  those shuttle bus drivers worked well in excess of 40 hours per
2  week but receive no overtime pay.  *Id.*

3      Defendants' "straight time no overtime" pay practice is
4  demonstrated by a sample of the plaintiff's pay records, attached
5  as an exhibit to plaintiff's declaration.  *Id.* at ¶ 3 and *see*,
6  Ex. "1" to Ex. "A."  Such records indicate that plaintiff worked
7  in excess of 40 hours per week but was not paid the required time
8  and one-half his regular hourly rate for each hour worked over 40
9  in a week.  *Id.*  There were well over 100 other shuttle bus
10 drivers employed by the defendant during the time the plaintiff
11 was employed and each shuttle bus driver was subject to the same
12 flat, hourly no-overtime compensation system.  *Id.* at ¶ 4.

13                           **ARGUMENT**
14 **POINT I.**

15         **NOTICE OF THE PENDENCY OF THIS ACTION SHOULD BE GIVEN**
16     Whether other potential FLSA plaintiffs should receive
17 notice that am FLSA action is pending, and of their right to join
18 such an action, involves a single issue: "Whether the other
19 members of the proposed collective action are 'similarly
20 situated.'" *Foster v. The Food Emporium*, 2000 W.L. 1737858, 2000
21 U.S. Dist. LEXIS 6053, J. McMahon, (S.D.N.Y. 2000), citing
22 *Hoffman v. Sbarro, Inc.*, 982 F. Supp 249 (S.D.N.Y. 1997).  The
23 issues considered on a Rule 23 class certification motion, such
24 as numerosity, typicality, commonality and representativeness,
25 are <u>not</u> considered on a motion to circulate notice of the
26 pendency of an FLSA action. *Id.*

27     Then District Court Judge, and now United States Supreme
28 Court Justice, Judge Sonia Sotomayor, in *Kumar Realite v. Ark*

*Restaurants Corp.*, 7 F.Supp. 2d. 303, 306 (S.D.N.Y. 1998),

engaged in one of the most extensive discussions of the standards

Courts should use to decide FLSA notice of pendency motions.

Plaintiff's counsel refers at length to *Kumar Realite* and its

succinct summary of the controlling law and the issues before the

Court:

> The threshold issue in deciding whether to authorize
> class notice in an FLSA action is whether plaintiffs have
> demonstrated that potential class members are "similarly
> situated." *See*, 29 U.S.C. § 216(b).  Neither the FLSA nor
> its implementing regulations define the term "similarly
> situated." However, courts have held that plaintiffs can
> meet this burden by making a modest factual showing
> sufficient to demonstrate that they and potential plaintiffs
> together were victims of a common policy or plan that
> violated the law. *See, Jackson v. New York Telephone Co.*,
> 163 F.R.D. 429, 431 (S.D.N.Y.1995) (at the preliminary
> notice stage, "plaintiffs are only required to demonstrate a
> factual nexus that supports a finding that potential
> plaintiffs were subjected to a common discriminatory
> scheme"); *Krueger v. New York Telephone Co.*, 1993 WL 276058
> (S.D.N.Y. July 21, 1993) (when the litigation is in its
> early stages, plaintiffs need only provide "some factual
> basis from which the court can determine if similarly
> situated plaintiffs exist"); *Schwed v. General Electric Co.*,
> 159 F.R.D. 373, 375-76 (N.D.N.Y.1995) ("plaintiffs need only
> describe the potential class within reasonable limits and
> provide some factual basis from which the court can
> determine if similarly situated potential plaintiffs
> exist"); *Heagney v. European American Bank*, 122 F.R.D. 125,
> 127 (E.D.N.Y.1988) (requiring "some identifiable factual
> nexus which binds the named plaintiffs and potential class
> members together as victims of a particular alleged
> discrimination") (quoting *Palmer v. Reader's Digest Ass'n*,
> 42 Fair Empl. Prac. Cas. (BNA) 212, 1986 WL 11458
> (S.D.N.Y.1986)).

> Nor must this Court wait for defendant to complete its
> discovery before authorizing class notice. To the contrary,
> [so long as the "similarly situated" requirement has been
> met], courts have endorsed the sending of notice early in the
> proceeding, as a means of facilitating the FLSA's broad
> remedial purpose and promoting efficient case management. *See,
> Braunstein*, 600 F.2d at 336 (notice to potential plaintiffs
> "comports with the broad remedial purpose of the Act, which
> should be given a liberal construction, as well as with the
> interest of the courts in avoiding multiplicity of suits");
> *Frank v. Capital Cities Communications, Inc.*, 88 F.R.D. 674,
> 676 (S.D.N.Y.1981) ("the experiences of other employees may

7

well be probative of the existence vel non of a discriminatory practice, thereby affecting the merits of the plaintiff's own claims"); *Schwed*, 159 F.R.D. at 375 ("[E]ven where later discovery proves the putative class members to be dissimilarly situated, notice ... prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]."), *Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y.1985) ("Certainly, it is 'unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.' ") (citation omitted); *Krueger*, 1993 WL 276058 at *2 ("[E]ven if plaintiff's claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case.").

The only published decision by this Court discussing this issue was Judge Pro's decision in *Bonilla v. Las Vegas Cigar Company*, 61 F. Supp. 2d 1129 at 1139 n.6 (D. Nev. 1999).  Although Judge Pro did not cite *Kumar Realite*, or discuss this issue at great length, he did find, as in *Kumar Realite*, that while plaintiffs bear the burden of proving that they are "similarly situated" this "is a lenient burden."  *See*, *Thiebes v. Wal-Mart*, 1999 U.S. Dist. LEXIS 18649, p.8, 1999 U.S. Dist WL 1081357 (D. Or. 1999) and *Ballaris v. Wacker Stilttronic Corp.*, 2001 U.S. Dist. LEXIS 13354, p. 7, 2001 U.S. Dist. WL 1335809 (*Bonilla* recognized that a § 216(b) FLSA collective action is certified, for notice purposes, under a much more lenient "similarly situated" standard than that imposed by Rule 23).

Defendants may argue that Rule 23 controls § 216(b) FLSA collective actions by citing the distinctly minority view of some District Courts, most notably *Shuashan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).  This minority view has been rejected by the only Circuit Courts to examine the issue.  *See*, *Thiessan v. General Electric Capital Corp.*, 267 F.3d 1095, 1105

1  (10th Cir. 2001) (Congress "clearly chose" to not have Rule 23

2  standards apply to § 216(b) actions) which overruled *Shuashan*[1] and

3  *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1214 (11th

4  Cir. 2001) (The "similarly situated" requirement of § 216(b) is

5  "not particularly stringent" and implicitly rejecting a Rule 23

6  approach).

7      The FLSA's lenient "similarly situated" standard for "notice

8  only" certification logically flows from the procedural framework

9  of the FLSA.  No person is bound by the decision in an FLSA case

10  unless they come forward and affirmatively "opt in" to the

11  litigation.  The strong public policies underlying the FLSA impose

12  upon the Court a broad duty to assist employees in the exercise of

13  FLSA secured rights.  *See*, *Biggs v. Wilson*, 1 F.3d 1537, 1539 (9th

14  Cir. 1993), cert. denied, 510 U.S. 1081 (1994), and *Abshire v.*

15  *County of Kern*, 908 F.2d 483, 485 (9th Cir. 1990), cert. denied,

16  498 U.S. 1068 (1991).  Liberally granting requests for "notice

17  only" collective action certification of FLSA cases furthers this

18  broad remedial purpose.

19      It is of critical importance to recognize that the "notice

20  only" collective action certification being sought *will not* result

21  in this case actually proceeding to trial or disposition on a

---

23      [1]  The District Courts since *Shuashan* have almost "unanimously

24  shunned the Rule 23 standards" for § 216(b) cases. Cole and Bainer,

*To Certify or Not to Certify: A Circuit-By-Circuit Primer on the*

25  *Varying Standards for Class Certification in Actions Under the Fair*

*Labor Standards Act*, 13 B.U. Pub. Int. L. J. 167, 172 (2004). *See*,

26  also, Borgen and Ho, *Litigation of Wage and Hour Collective Actions*

*under the Fair Labor Standards Act* 7 Empl. Rts. & Employ. Pol'y J.

27  129, 135 (2003) (Surveying decisions and finding that a "consensus"

28  has been reached by the District Courts that § 216(b)'s "similarly

situated standard does not incorporate Rule 23 requirements.")

collective action basis.  The FLSA's collective action process utilizes a "two tier" certification approach.  *See*, *Mooney v. Aramo Servs., Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) and *Lusardi v. Xerox Corp*, 118 F.R.D. 351 (D.N.J. 1987) (both holding that first tier notice only certification should be issued in FLSA cases freely and liberally without requiring any large quantum of evidence but the Court, after the conclusion of discovery, may, at second tier hearing, deny collective action treatment for trial purposes or decertify the collective action).  *See*, also, *Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995)(the remedial purposes of the FLSA favor first tier notice only certification even in cases where it is later established after second tier review that no collective action should proceed).

Within the last seven years, at least four different District Judges of this Court, and three Magistrate Judges, in eight different cases of which plaintiff's counsel is aware, have embraced the modest factual showing and lenient standard for FLSA notice only certification requests and granted such certifications.  *See*, *Brown v. Terrible Herbst, Inc.*, CV-S-05-0008-RCJ-LRL, Magistrate Judge Lawrence R. Leavitt, Report and Recommendation of September 23, 2005, adopted, over defendants' objections, by the January 11, 2006, Order of District Court Judge Robert C. Jones; *Morales v. Allied Building Crafts*, CV-S-04-1365-LRH-LRL, Order of Magistrate Judge Lawrence R. Leavitt of March 16, 2005, adopted by District Court Judge Larry R. Hicks by Order of May 31, 2005, over defendants' objections; *De La Mora v. Silver Dollar Recycling Inc.*, CV-S-05-0950-RLH-RJJ, Order of District Court Judge Roger L. Hunt of February 8, 2006; *Westerfield v.*

*Fairfield Resorts, Inc.*, CV-S-05-1264-JCM(RJJ) (Minute Order of District Judge James C. Mahan of March 29, 2006); *Williams v. Trendwest*, CV-S-05-605 RCJ(LRL) (Magistrate Judge Lawrence R. Leavitt, Report and Recommendation of September 29, 2006, adopted, over defendants' objections, by the December 7, 2006, Order of District Court Judge Robert C. Jones); *Reyes v. Cover-All*, CV-S-07-148 RCJ(PAL), (Magistrate Judge Peggy A. Leen, Order of August 27, 2007, Docket #68, adopted over defendant's objections by the March 19, 2008, Order of District Court Judge Robert C. Jones, Docket #119); *Cranney v. Carriage Services*, CV-S-07-1587 RLH(PAL), Order of February 29, 2008, Docket #65, of Chief Judge Roger L. Hunt; and *Pittman v. Westgate Planet Hollywood*, CV-S-09-878 PMP(GWF), Order of September 1, 2009, Docket #39, of Magistrate Judge George Foley, Jr.

The potential plaintiffs in this case, the shuttle bus drivers, are "similarly situated" for FLSA purposes.  They all worked as shuttle bus drivers for the defendants.  They did not receive any overtime pay for working in excess of 40 hours per week and all were paid on the same "straight time no overtime" basis.  Notice should issue to all shuttle bus drivers working for the defendants within the three years preceding the filing of this motion.

**POINT II**

### A PROPOSED NOTICE OF PENDENCY IS PROVIDED

A proposed Notice of Pendency is provided at Exhibit "B." This Notice of Pendency is based upon a form approved for use by this Court in the cases of *Morales v. Allied Building Crafts*, CV-S-04-1365-LRH-LRL (Order of Magistrate Judge Lawrence R. Leavitt

11

of October 6, 2005) and *Westerfield v. Fairfield Resorts, Inc.*, CV-S-05-1264-JCM(RJJ) (Minute Order of District Judge James C. Mahan of March 29, 2006).  Such form of notice was also approved subsequently by this Court in *Pittman v. Westgate Planet Hollywood Las Vegas*, 09-CV-878-PMP-GWF (Order of Magistrate Judge George Foley, Jr. September 1, 2009).

**POINT III**

**THE COURT SHOULD GRANT AT LEAST A ONE HUNDRED TWENTY DAY PERIOD FOR ADDITIONAL PLAINTIFFS TO JOIN THIS LITIGATION AND DIRECT APPROPRIATE INFORMATION DISCLOSURE TO PLAINTIFF'S COUNSEL AND PROMINENT DISTRIBUTION OF THE NOTICE OF PENDENCY BY THE DEFENDANT**

The Court may be reluctant to Order notification of this lawsuit to other potential plaintiffs without imposing some time limit on the joinder of additional plaintiffs.  Plaintiff's counsel urges the Court to allow additional plaintiffs to join this litigation for at least one hundred twenty days after notification is mailed to the potential plaintiffs.  This time period is reasonable and should not delay the progress of this case.  Plaintiff's counsel strongly believes that imposing a shorter time limit for persons to come forward and join this litigation would be unfair, as some potential plaintiffs may be traveling or away from home or involved in other matters and not able to respond to a written communication within a shorter time span.

Plaintiff requests that his counsel be provided with the names, addresses, phone numbers and email addresses of all shuttle bus drivers employed by defendant since October 26, 2008. Plaintiff also requests that the notice of pendency and consent form be conspicuously posted in Defendants' place of business for

its shuttle bus drivers to review for a 90 day period, that defendants be required to email the notice and consent to its shuttle bus drivers, and that defendants be required to publish it in the next three issues of its employee newsletters, if any. These notice and disclosure procedures were ordered by Judge Hunt of this Court in *Cranney v. Carriage Services*, 07-S-CV-1587 Docket # 65, Order of February 29, 2008, p. 9-10 and should be instituted in this case.

**POINT IV**

**THE COURT SHOULD TOLL THE STATUTE OF LIMITATIONS IN THIS CASE FOR THE PERIOD OF TIME THAT THIS MOTION IS PENDING**

Under the FLSA, the statute of limitations on each individual "opt in" plaintiff's claim continues to run until his/her consent to joinder is filed with the Court (there is no class wide toll as in Rule 23 class actions).  It is requested that the statute of limitations be tolled for all "opt in" plaintiffs for the period of time that this motion is pending. Such a statute of limitations toll would deny the defendants any benefit from unsuccessfully opposing the plaintiff's motion to circulate a notice of pendency.  This Court, in *Westerfield v. Fairfield Resorts, Inc.*, CV-S-05-1264-JCM(RJJ), and it its other decisions, cited *supra*, denied such a request, while granting the requested FLSA notice only certifications.  In *Westerfield* the Court, while perhaps sympathizing with the plaintiff's concerns, did not grant such a stay based on the record presented in that case.  Plaintiff raises this issue both because he believes such a stay is justified and to preserve it in the record of this case's proceedings.

13

1       Allowing the FLSA's statute of limitations for potential

2   plaintiffs to continue running while a motion for a notice of

3   pendency is being decided encourages defendants to *always* oppose

4   such motions irrespective of the merits of such opposition.  The

5   Court should not encourage such conduct or be burdened with

6   considering such meritless motion opposition.  Nor should the

7   Court's inability to immediately decide motions allow a party to

8   "win" something of significant value by opposing a motion and

9   delaying action by the Court even though the party "loses" the

10  motion on the merits.

11      There is no fair basis for an FLSA defendant to oppose the

12  sort of statute of limitations toll being requested.  If the

13  defendants' motion opposition is successful, there will be no

14  notice of pendency circulated.  If the defendants' opposition

15  fails, the defendants are no worse off than if they had never

16  opposed the motion in the first place.  The only difference is

17  that the defendants are denied any benefit from unsuccessfully

18  opposing the motion to circulate a notice of pendency.  This is

19  absolutely fair to all concerned.

20      Federal District Courts, in general, rarely use their power

21  to equitably toll a statute of limitations.  This is

22  understandable, but the unique circumstances presented by the

23  FLSA's "notice of pendency" procedure and "written consent"

24  filing requirement, and the FLSA's broad remedial purposes,

25  militate in favor of the limited use of such equitable tolling

26  powers in this case.

27      The advancement of the FLSA's broad remedial purposes should

28  not be frustrated by a defendant's exercise of their right to

1  oppose a FLSA notice of pendency.  If the Court were capable of
2  instantaneously resolving disputed notice of pendency requests
3  there would be no reason for it to equitably toll the statute of
4  limitations while it considered such requests.  But the Court
5  cannot instantaneously resolve such disputes.  This creates an
6  inherent conflict between the Court's duty to liberally enforce
7  the FLSA, and assist in the advancement of its broad remedial
8  purposes, and the Court's obligation to give the defendants a
9  fair hearing on their objections to the notice of pendency.  The
10  only proper remedy for this conflict is to toll the FLSA's
11  statute of limitations while the Court rules on a defendant's
12  opposition to a notice of pendency.

13      The decision in *Burrows v. AON Risk Services of Texas, Inc.*,
14  Docket H-01-2723, May 14, 2002, p. 2-3. (S.D. Tex.) recognized
15  the compelling need to toll the FLSA's statute of limitations for
16  potential plaintiffs while a defendant exercises its rights
17  before the Court.  In that case various defendants sought
18  dismissal on jurisdictional grounds, and the Court limited
19  discovery to jurisdictional issues until the defendants'
20  jurisdictional motions were decided.  As the Court observed, this
21  created a situation where the rights of potential FLSA plaintiffs
22  would be adversely impacted if no equitable toll of the statute
23  of limitations was imposed:

24          In consideration of the pendency of these motions
          [to dismiss on jurisdictional grounds], this Court
25          limited discovery between the parties to jurisdictional
          issues.  However, Plaintiffs expressed concerns that a
26          delay in discovery will likely delay the filing of
          their Motion for Notice to Potential Class Members.
27          Plaintiffs assert that this delay will result in a
          corresponding delay of issuance of any court approved
28          notice to the class.  Thus, Plaintiffs argue, the

        potential class members will be prejudiced because the statute of limitations will continue to run against potential plaintiffs. 29 U.S.C. § 256(a).

            Plaintiffs further assert that this prejudice would be unfair should ARS and ASC's [the moving defendants] motions prove non-meritorious because the Defendants would benefit from the filing of the unwarranted motions.  The Court agrees that, under the circumstances of this case, equitable tolling is necessary to protect the rights of the potential plaintiffs.  The Court agrees that, should Defendants' motions be denied, the potential class members will have been prejudiced by the passage of time.  Allowing the statute of limitations to continue to run against potential plaintiffs would, in essence, reward Defendants ARS and ASC for filing motions which ultimately proved to be non-meritorious.  Exhibit "I", p. 2-3.

The only decision beside *Burrows* that directly addresses this issue is *Owens v. Bethlehem Mines Corporation*, 630 F.Supp. 309 (D. W. Va. 1986).  Although the defendants in *Owens* did not engage in any "wrongful conduct" by vigorously opposing the plaintiff's "opt in" class certification motion, the Court, citing *Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), found that equity, and fairness to the plaintiffs, required that it toll the statute of limitations for the period of time that the motion was pending. 630 F. Supp. at 312-313.

The defendants' rights and the potential plaintiffs' rights should all be equally respected, and equally preserved, in a manner consistent with the FLSA's broad remedial purposes.  That this Court, owing to its volume of cases, and human limitations, must take months to resolve a contested motion should inure to no party's benefit.  The limited exercise of the Court's equitable powers to toll the statue of limitations in this case in the form requested by the plaintiffs is proper and entirely consistent

1    with the Court's duty to use such powers sparingly and only to

2    the extent needed to insure substantial justice.

3

4                              **CONCLUSION**

5        For all the foregoing reasons, plaintiff's motion should be

6    granted in its entirety together with such other further and

7    different relief that the Court deems proper.

8

9    Dated:      December 2, 2011

10

11                         Submitted by the attorneys for the
                           Plaintiffs
                           Leon Greenberg Professional Corporation

12
                                 */s/ Dana Sniegocki*
13                         By:_____
                           Dana Sniegocki, Esq.
14                         Nevada Bar No.: 11715
                           2965 South Jones Boulevard - Suite E4
15                         Las Vegas, Nevada 89146
                           (702) 383-6085
16

17

18

19

20

21

22

23

24

25

26

27

28

17

EXHIBIT "A"

Christian Gabroy (#8805)
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704
CHRISTIAN@GABROY.COM

*Attorneys for Plaintiff, individually, and*
*on behalf of others similarly situated*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FRANK   COHN,   Individually   and   on behalf of a class of all similarly situated persons,<br><br>                        Plaintiff,<br><br>vs.<br><br>RITZ TRANSPORTATION, INC., AWG AMBASSADOR, LLC, ALAN WAXLER, and RAYMOND CHENOWETH,<br><br>                        Defendants. | Case: 11-CV-01832 JCM-RJJ<br><br>**PLAINTIFF'S DECLARATION IN SUPPORT OF MOTION FOR CIRCULATION OF NOTICE OF THE PENDENCY OF THIS ACTION PURSUANT TO 29 U.S.C  §216(B) AND FOR OTHER RELIEF** |

**PLAINTIFF'S DECLARATION IN SUPPORT OF MOTION FOR CIRCULATION OF NOTICE OF THE PENDENCY OF THIS ACTION PURSUANT TO 29 U.S.C § 216(B) AND FOR OTHER RELIEF**

FRANK COHN, hereby affirms, under penalty of perjury and pursuant to 28 USC

§1746, that he has personal knowledge of the following statements:

1.    I am the Plaintiff in this lawsuit against Defendants RITZ

TRANSPORTATION, INC., AWG AMBASSADOR, LLC, ALAN WAXLER, and RAYMOND

CHENOWETH ("Defendants"). This declaration is in support of Plaintiff's Motion for

Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and

Page 1 of 2

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

1  For Other Relief.

2      2.    I was hired by Defendants in April of 2010 with the title of shuttle bus driver.

3      3.    Defendants did not compensate me overtime for the time I worked in excess

4  of 40 hours per a week at time and one-half my regular hourly rate as required under the

5  Fair Labor Standards Act.  Since the commencement of my employment with Defendants,

6  I was under a "straight time no overtime" system, meaning I was paid a flat hourly amount

7  for each hour I worked without any overtime pay (time and one-half pay) for the hours I

8  worked that were in excess of 40 hours per week.  For example, I am attaching as Exhibit

9  I a true and accurate copy of my pay statement for the two week period ending

10  September 11, 2011.  That statement shows I worked 117.75 hours during those two

11  weeks for a flat hourly rate of $11.00 an hour.  That statement shows I worked at least

12  37.75 hours of overtime during those two weeks but received no overtime pay from

13  defendants.

14      4.    During the course of my employment I was advised by defendants that there

15  were over 100 other shuttle bus drivers employed by the Defendants.   The policy of

16  Defendants was to pay all shuttle bus drivers under the same straight time no overtime

17  compensation system under which I was paid.

                                               11-30-11

                  Frank Cohn                Date

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

EXHIBIT "1"

EXHIBIT "1"

**ADP**

AWG AMBASSADOR, LLC.
4676 WYNN RD
LAS VEGAS, NV 89103-5314

| | |
|---|---|
| Period Ending: | 09/11/2011 |
| Pay Date: | 09/16/2011 |

Taxable Marital Status: Married
Exemptions/Allowances:
　Federal: 2
　NV: No State Income Tax

00000000038
**FRANK COHN**
**6114 MEADOW VIEW**
**LAS VEGAS NV 89103**

Social Security Number: XXX-XX-2464

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 11.0000 | 117.75 | 1,295.25 | 8,809.25 |
| Gratuity | | | | 7.00 |
| Vacation | | | | 330.00 |
| **Gross Pay** | | | **$1,295.25** | 9,146.25 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -66.73 | 409.17 |
| | Social Security Tax | -52.56 | 369.38 |
| | Medicare Tax | -18.15 | 127.52 |
| | **Other** | | |
| | Checking 1 | -935.83 | |
| | Ee + Fam $34.83 | -34.83* | 278.64 |
| | Long Term Disib | -18.17 | 145.36 |
| | Term Life | -1.95 | 15.60 |
| | Vehicle Damage | -110.00 | 440.00 |
| | Voluntary Term | -47.90 | 383.20 |
| | Vsp Ee+Fam $9.1 | -9.13* | 73.04 |
| | Adv Cssht | | 1.00 |
| | **Net Pay** | **$0.00** | |

\* **Excluded from federal taxable wages**

Your federal taxable wages this period are
$1,251.29

©1998, 2006, ADP, Inc. All Rights Reserved.

▼ TEAR HERE

VERIFY DOCUMENT AUTHENTICITY COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

AWG AMBASSADOR, LLC.
4676 WYNN RD
LAS VEGAS, NV 89103-5314

| | |
|---|---|
| Advice number: | 00000370038 |
| Pay date: | 09/16/2011 |

**Deposited to the account of**
**FRANK COHN**

**THIS IS NOT A CHECK**

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxx1166 | xxxx xxxx | $935.83 |

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK. ▪ HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT. ▪

EXHIBIT "B"

Leon Greenberg, NSB 8094
Dana Sniegocki, NSB 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard, Ste. E-4
Las Vegas, Nevada 89146
Tel (702)383-6085
Fax (702)385-1827

Christian Gabroy, NSB 8805
Gabroy Law Offices
The District at Green Valley Ranch
170 S. Green Valley Pkwy, Ste 280
Henderson, NV 89012
Tel (702)259-7777
Fax (702)259-7704

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

FRANK COHN, Individually and on behalf
of a class of all similarly situated persons,

                Plaintiff,

v.

RITZ TRANSPORTATION, INC., AWG
AMBASSADOR, LLC, ALAN WAXLER,
and RAYMOND CHENOWETH,

                Defendants.

Case No.: 2:11-CV-1832-JCM-RJJ

**NOTICE OF PENDENCY OF COLLECTIVE ACTION LAWSUIT UNDER THE**

**FAIR LABOR STANDARDS ACT**

**TO:** All shuttle bus drivers who were employed by Ritz Transportation, Inc. and AWG
      Ambassador, LLC in Las Vegas, Nevada and who performed such work after
      October 24, 2008 and who:

(A) Were paid on a straight time no overtime basis; and
(B) Worked more than 40 hours a week and did not receive proper overtime pay at time and one-half their regular hourly rate.

**RE**: Fair Labor Standards Act lawsuit filed by Frank Cohn against Ritz Transportation, Inc., AWG Ambassador, LLC, Alan Waxler and Raymond Chenoweth, ("defendants")

## INTRODUCTION

The purpose of this notice is to inform you of the existence of a lawsuit in which you may be "similarly situated" to the named plaintiff; advise you of how your rights may be affected by this lawsuit; and instruct you on the procedure for participating in this lawsuit, if you choose to do so.

This Notice is not an expression by the court of any opinion as to the merits of any claims or defenses asserted by any party to this action as those issues have not been decided.

## DESCRIPTION OF THE LAWSUIT

This lawsuit was filed on October 26, 2011. The plaintiff alleges, and defendants deny, that defendants violated the Fair Labor Standards Act. Specifically, the plaintiff claims that he is owed overtime pay for all hours he worked over forty (40) hours per week. The plaintiff claims that he was paid under a "straight time no overtime" compensation system. The plaintiff is seeking unpaid wages and liquidated damages in an amount equal to the unpaid wages owed to him under the Fair Labor Standards Act. Defendants dispute plaintiff's claims and deny that they are liable to the plaintiff for any additional overtime pay.

## DESCRIPTION OF A COLLECTIVE ACTION

A collective action is a lawsuit in which the claims of a group or class of people are decided in a single court proceeding. In a collective action brought pursuant to the Fair Labor Standards Act, individuals who are within the class of persons on whose behalf the action is brought must consent to join the action and have their individual claims decided in the action.

## COMPOSITION OF THE CLASS

The named plaintiff seeks to sue on behalf of himself and also on behalf of other employees with whom he is similarly situated. Specifically, plaintiff seeks to sue on behalf of all shuttle bus drivers who have worked at Ritz Transportation, Inc. and/or AWG Ambassador, LLC in Las Vegas any time after October 26, 2008.

The employees must be:

(A) shuttle bus drivers who were employed by the defendants in Las Vegas, Nevada;
(B) who performed such work after October 26, 2008;
(C) were paid on a straight time no overtime basis; and
(D) worked more than 40 hours a week and did not receive proper overtime pay at time and one-half their regular hourly rate.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you are an individual within the above described Class and you wish to participate in this case, you may join this case by mailing the enclosed "Consent To Join" form to plaintiff's counsel at the following address:

Leon Greenberg Esq.
2965 S. Jones Blvd., Suite E-4
Las Vegas, NV 89146

If you want to join this lawsuit, you must send the form to Leon Greenberg so he has time to file it with the Federal Court on or before _____days from the issuance of this notice which is _____. If you do not return the "Consent to Join" form in time for it to be filed with the Federal Court, you may not be able to participate in the Fair Labor Standards Act portion of this lawsuit.

**LEGAL EFFECT OF JOINING THIS SUIT**

If you choose to join this case, you will be bound by the decision of the court, whether it is favorable or unfavorable.  The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, the plaintiffs will not have to pay attorneys' fees to plaintiffs' attorneys. If the plaintiffs prevail in this litigation, the attorneys for the class will request that the Court either determine or approve the amount of attorneys' fee and costs they are entitled to receive for their services.

If you sign and return the "Consent to Join" form you are agreeing to designate Frank Cohn as your agent to:

1) make decisions on your behalf concerning this lawsuit;
2) decide the method and manner of conducting this lawsuit;
3) enter into an agreement with plaintiff's counsel concerning attorneys' fees and costs; and
4) decide all other matters pertaining to this lawsuit.

These decisions and agreements made and entered into by Frank Cohn will be binding on you if you join this lawsuit. However, the court has retained jurisdiction to determine the reasonableness of any attorneys' fees and costs that are to be paid to the plaintiff's' counsel should plaintiff succeed in this action.

**LEGAL EFFECT OF NOT JOINING THIS SUIT**

You do not have to join this lawsuit. If you do not wish to participate in this lawsuit, then do nothing. If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this lawsuit, whether favorable or unfavorable to the class and will receive no money from the Fair Labor Standards Act portion of this lawsuit, if any money is recovered on that claim. If you choose not to join this lawsuit, you are free to file your own lawsuit under the Fair Labor Standards Act.

**STATUTE OF LIMITATIONS ON POTENTIAL CLAIMS**

The minimum period of time that you may collect unpaid wages under the Fair Labor Standards Act is two (2) years from when you worked the time for which you were not paid proper overtime. If the Defendants' failure to pay overtime wages was willful, then the maximum period of time that you may collect unpaid overtime wages under the Fair Labor Standards Act is three (3) years from when you worked the time for which you

were not paid overtime. The statute of limitations continues to run until you file with the court a written consent to join this lawsuit or you file your own lawsuit to collect unpaid overtime wages.

### NO RETALIATION PERMITTED

Federal law prohibits defendants from discharging you or retaliating against you because you have exercised your rights under the Fair Labor Standards Act to collect unpaid overtime wages.

### YOUR IMMIGRATION STATUS DOES NOT MATTER IN THIS CASE

You are entitled to be paid overtime wages and minimum wages under the Fair Labor Standards Act even if you are not otherwise legally entitled to work in the United States.

### YOUR LEGAL REPRESENTATIVE IF YOU JOIN

If you choose to join this lawsuit and agree to be represented by Frank Cohn through his attorney, your counsel in this action will be:

Leon Greenberg, Esq.
Dana Sniegocki, Esq.                            Christian Gabroy, Esq.
2965 S. Jones Blvd., #E-4          and          170 S. Green Valley Parkway - Suite 280
Las Vegas, NV 89146                             Henderson, NV  89012

### FURTHER INFORMATION

The deadline for filing a "Consent to Join" form is ___ days from the issuance of this notice which is _____. Answers to questions about this lawsuit may be obtained by contacting:

Leon Greenberg, Esq.
2965 S. Jones Blvd., #E-4
Las Vegas, NV 89101
(702) 383-6369
Email: leongreenberg@overtimelaw.com

Email Communications are Preferred

The court has taken no position in this case regarding the merits of the plaintiffs' claims or of the defendants' defenses.

THE DATE OF ISSUANCE OF THIS NOTICE IS: September 6, 2011

### DO NOT CONTACT THE CLERK OF THE COURT

DATED this ___ day of _____, 2011.

/s/

_____
**UNITED STATES DISTRICT
JUDGE/MAGISTRATE JUDGE**

4