Leon Greenberg, NSB 8094
Dana Sniegocki, NSB 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard, Ste. E-4
Las Vegas, Nevada 89146
Tel (702)383-6085
Fax (702)385-1827

Christian Gabroy, NSB 8805
Gabroy Law Offices
The District at Green Valley Ranch
170 S. Green Valley Pkwy, Ste 280
Henderson, NV 89012
Tel (702)259-7777
Fax (702)259-7704

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK COHN, Individually and on behalf of a class of all similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> RITZ TRANSPORTATION, INC., AWG AMBASSADOR, LLC, ALAN WAXLER, and RAYMOND CHENOWETH, <br><br> Defendants. | **Case No.: 2:11-CV-1832-JCM-RJJ** <br><br> **PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM** |

    Plaintiff, through his attorneys, Leon Greenberg Professional Corporation and Gabroy Law Offices, hereby submits this Motion to Dismiss Defendants' Counterclaims.

    Plaintiff's motion is made and based upon the memorandum of points and authorities submitted with this motion and the other

papers and pleadings in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Summary of Argument

The counterclaim filed by defendants is wholly improper and must be dismissed.  Defendants' proposed counterclaim is not, as the defendants may assert, a compulsory counterclaim.  Rather, defendants are attempting to have the Court exercise jurisdiction over a claim separate and apart, and completely unrelated, to the claims asserted in this case.  Such claim only constitutes a permissive counterclaim, arising from events other than those that led to the plaintiff's claims in this case.

More importantly, the proposed counterclaim lacks its own independent basis for federal subject matter jurisdiction. Because the defendants are asserting a state law counterclaim wholly unrelated to the original claims in this case, the Court is without any power to assert supplemental jurisdiction and rule on such counterclaim.

### ARGUMENT

**I.   DEFENDANTS' PROPOSED COUNTERCLAIMS ARE PERMISSIVE AND CANNOT BE PROPERLY ASSERTED IN THIS CASE**

The Ninth Circuit utilizes the "logical relationship" test when determining whether a counterclaim is compulsory.  The test states that "a logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Montana v. Goldin*, 394 F.3d 1189,

1196 (9th Cir. 2005).  "This approach looks to 'whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims.'" *Destiny Tool v. SGS Tools Co.*, 344 Fed. Appx. 320, 323 (9th Cir. 2009), quoting, *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991).

Defendants are attempting to assert in this action a counterclaim that is wholly unrelated and factually dissimilar to the original claims brought by the plaintiff, such original claims being the basis for this Court's jurisdiction.  The counterclaim asserted by defendants seeks a judgment to recover for the alleged negligence of the plaintiff resulting in property damage to the defendants.[1]

Defendants have not been able to draw a "logical relationship" showing that their counterclaim for property damage arises from the same set of operative facts as the initial claim (failure of defendants to pay overtime to shuttle bus drivers under the Fair Labor Standards Act ("FLSA")).

The basis of the counterclaims asserted by defendants is that the plaintiff breached his "Duty of Loyalty" by engaging in gross negligence causing several collisions resulting in damages to the defendants in the amount of $10,000.00.  Defendants further allege that the plaintiff caused such collisions with malice in order to induce the defendants to discharge him, and create violations of Nevada laws by the defendants.  *See*, Doc. No. 4 at p. 3.

---

[1] *See*, Defendants' Answer (Doc. No. 4).

3

1    The above allegations concern matters wholly outside the
2  scope of this litigation.  This litigation concerns defendants'
3  failure to pay the plaintiff and persons similarly situated to
4  the plaintiff overtime or other wages under the FLSA and Nevada
5  law.  Defendants' counterclaim involves a tort that bears no
6  relationship to the wage payment practices of the defendants.
7    Moreover, under *Destiny Tool*, above, the Court must look at
8  "whether substantially the same evidence would support or refute
9  both claims."  *Id*.  The evidence and discovery at issue in this
10 case, which will include paystubs and time records, are void of
11 any information relating to the alleged collisions or property
12 damage suffered by the defendants.  Such evidence, therefore, can
13 clearly not be used to support or refute both claims.  As a
14 result, additional, entirely separate, and presumably voluminous
15 and lengthy discovery would need to be exchanged and analyzed in
16 order to evaluate the counterclaim being interposed.
17    The FLSA claim, which creates original jurisdiction in this
18 Court, seeks to vindicate the plaintiff's federally secured
19 rights to be paid a proper wage under federal law.  The
20 counterclaim, on the other hand, encompasses an evaluation of
21 tort law, involving an alleged negligent act resulting in
22 property damage having no relationship to the wage payment
23 practices of the defendants.  *See*, *Taylor v. Bryant, Inc*., 275 F.
24 Supp. 2d 1305, 1307 (Dist. Nev. 2003) (Dismissing permissive
25 counterclaims for lack of jurisdiction).  Such differences
26 clearly makes this counterclaim permissive in nature.
27 ///
28 ///

4

1

2

## II. THE COURT IS WITHOUT JURISDICTION TO HEAR THE COUNTERCLAIM ASSERTED BY THE DEFENDANTS

3

4

Where the Court's jurisdiction is based on federal question

5

jurisdiction, as it is in this case, "the district courts shall

6

have supplemental jurisdiction over all other claims that are so

related to claims in the action within such original jurisdiction

7

that they form part of the same case or controversy under Article

8

III of the United States Constitution..."  28 U.S.C. § 1367(a).

9

The "original jurisdiction" action in this case is based on the

plaintiff's FLSA claim.

10

This Court has stated, "federal courts have supplemental

11

jurisdiction over compulsory counterclaims, but permissive

12

counterclaims require their own jurisdictional basis." *Taylor v.*

13

*Bryant, Inc.*, *supra*, at p. 1307.  Another District Court, in a

14

case involving an employer's violation of the Consolidated

15

Omnibus Budget Reconciliation Act ("COBRA") in connection with an

16

employee's health insurance benefits, remarked, "[t]he factual

17

basis underlying Bloomingdale's counterclaim is that Keegan

18

"stole" from it (conversion) and neglected to reimburse it

19

pursuant to a signed agreement (breach of contract). There is no

20

factual connection underlying the claim and counterclaim."

21

*Keegan v. Bloomingdale's Inc.*, 945 F. Supp. 165, 167 (N.D. Ill.

22

1996).

23

Likewise, there is no factual connection underlying

24

plaintiff's FLSA claim and defendants' negligence claim asserted

25

against the plaintiff.  Moreover, defendants have made no showing

26

that such counterclaim has its own federal jurisdictional basis,

27

and indeed it does not.  The counterclaim is based purely on tort

28

principles.  Additionally, defendants cannot pursue the counterclaim under a diversity jurisdiction theory, since defendants have alleged far less that the requisite amount in controversy in damages and defendants and the plaintiff are citizens of the same state.  Without its own independent federal jurisdictional basis, the counterclaim cannot be resolved in this case, and the Court must dismiss it.

**III. COUNTERCLAIMS ARE IMPROPER IN FLSA CASES**

Every Circuit Court that has directly addressed the propriety of counterclaims by defendants in FLSA cases has ruled employers are precluded from asserting counterclaims in such cases.  In precluding an employer from asserting counterclaims against FLSA plaintiff employees, the Tenth Circuit stated:

> "[T]he purpose of the present action is to bring [defendant] into compliance with the [Fair Labor Standards] Act by enforcing a public right.  To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. [Defendant] is free to sue his employees in state court, as we are advised he is doing, for any sum which he feels is due and owing him." *Donovan v. Pointon*, 717 F.2d 1320, 1323, (10th Cir. 1983).

The Fifth Circuit, in declining to allow a counterclaim by an employer against its employees seeking minimum wages under the FLSA, opined:

> "[T]he federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors.  Their sole function and duty under the Act [the FLSA] is to assure the employees of a covered company a minimum level of wages.  Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act." *Brennan v. Heard*, 491 F.2d 1, 4, (5th Cir. 1974).

Every reported District Court decision has adhered to the reasoning adopted by *Heard* and *Pointon* and held counterclaims are

1   barred in FLSA minimum wage and overtime cases. *See*, *Morrisroe*

2   *v. Goldsboro Milling Co.* 884 F.Supp. 192, 195 (E.D.N.C. 1994),

3   (Permitting an employer to collect on a debt owed by its

4   employees via a counterclaim in a FLSA lawsuit would undermine

5   the purpose of the FLSA) and *Conklin v. Joseph C. Hofgesang Sand*

6   *Co., 407 F.Supp. 1091, 1093* (W.D. Ky 1975), (The FLSA is to be

7   construed liberally in favor of the employee and courts have been

8   very strict in denying to employer set offs and recoupments).

9                                   **CONCLUSION**

10      For all the foregoing reasons, plaintiff's motion to dismiss

11   the counterclaim of the defendants should be granted in its

12   entirety together with such other and further relief as the Court

13   deems proper.

14

15   Dated: Clark County, Nevada
            December 21, 2011

16

17                          Submitted by the attorneys for the Plaintiffs

18                          Leon Greenberg Professional Corporation

19
                               By: /s/ *Dana Sniegocki*
20                             Dana Sniegocki, Esq.
                               Nevada Bar No.: 11715
21                             2965 South Jones Boulevard - Suite E4
                               Las Vegas, Nevada 89146
22                             (702) 383-6085

23

24

25

26

27

28