UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANK COHN, etc., <br><br> Plaintiff, <br><br> vs. <br><br> RITZ TRANSPORTATION, INC.; *et al.*, <br><br> Defendant. | 2:11-cv-1832-JCM-RJJ <br><br> <u>SCHEDULING ORDER</u> |

This matter came before the court for hearing on February 10, 2012. The Court having heard the representations of counsel hereby enters the following Scheduling Order in this case:

<u>DISCOVERY</u>

1. Discovery in this action shall be completed on or before July 31, 2012.

<u>MOTIONS</u>

2. Any and all pleadings and/or motions that may be brought under the following rules shall be filed on or before May 1, 2012:

    a. Fed. R. Civ. P. 13 regarding counterclaims and cross-claims.

    b. Fed. R. Civ. P. 14 regarding third-party actions.

    c. Fed. R. Civ. P. 15 regarding amended and supplemental pleadings.

    d. Fed. R. Civ. P. 19 & 20 regarding the joinder of additional parties.

(Note: Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Scheduling Order to be served upon the new party or parties.)

. . . .

3. Disclosures specified in Fed. R Civ. P. 26(a)(2) shall be made on or before May 31, 2012, disclosures respecting rebuttal experts shall be made on or before June 29, 2012.

4. On or before May 31, 2012, the parties shall file an Interim Status Report as required by LR 26-3, stating the time estimated for trial, three alternative dates for trial, and whether or not trial will be proceeding or affected by substantive motions.

5. Issues Related to the Disclosure or Discovery of Electronically Stored Information - The Plaintiff has not alleged, and the parties do not believe, that this case involves the use or misuse of electronic documents and/or systems. However, with respect to the production of electronically stored information, to the extent feasible, the parties agree that relevant electronically stored information in the parties control, including but not limited to PST files (personal e-mails), word records, if any, will be exchanged by the parties in native computer date or database format.

6. Issues Relating to Claims of Privilege or Attorney Work Product - the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privilege material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does into

- 2 -

waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

7. Dispositive motions in this matter shall be filed on or before August 31, 2012.

## EXTENSIONS OF DISCOVERY

8. An extension of the discovery deadline will not be allowed without a showing of good cause as to why all discovery was not completed within the time allotted. All motions or stipulations to extend discovery shall be received by the Court at least **twenty (20) days** prior to the date fixed for completion of discovery by this Amended Scheduling Order or at least **twenty (20) days** prior to the expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

   a. A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

   b. A specific description of the discovery which remains to be completed;

   c. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

   d. A proposed schedule for the completion of all remaining discovery.

## PRETRIAL ORDER

9. If no dispositive motions have been filed within the time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial Order by August 31, 2012. If dispositive motions are filed, then the parties shall file a written, joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on said dispositive motions.

10. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the pretrial order.

DATED this   14th   day of February, 2011.

ROBERT J. JOHNSTON
United States Magistrate Judge