1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FRANK COHN,

        Plaintiff,

v.

RITZ TRANSPORTATION, INC., et al.,

        Defendants.

2:11-CV-1832 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Frank Cohn's motion to dismiss defendants' counterclaim. (Doc. #12). Defendants Ritz Transportation, Inc., AWG Ambassador, LLC, Alan Waxler, and Raymond Chenoweth have filed an opposition[1] (doc. #15), to which plaintiff has replied (doc. #18).

Cohn, a shuttle bus driver employed by the defendants, originally filed his complaint in the Eighth Judicial District of Nevada. The complaint alleged that Cohn, and those similarly situated, worked for defendants in excess of 40 hours per week and were not compensated for their overtime

---

[1] The court notes that the opposition does not rebut any of plaintiff's jurisdictional arguments or cite any case law regarding this court's jurisdiction over the counterclaims. Instead, the opposition seeks to establish that defendants are exempt from the Fair Labor Standards Act (FLSA), because defendants are subject to regulation by the U.S. Secretary of Transportation. Such arguments are not properly before the court on this motion to dismiss, as they have no bearing on this court's jurisdiction over the counterclaim. As such, this court will not pass judgment on the applicability of the FLSA at this time.

**James C. Mahan**
**U.S. District Judge**

1  work as required by the Fair Labor Standards Act (FLSA) and Nevada state law. *See* Compl. ¶ 6
2  (Doc. #1-1). The complaint also alleged various torts under Nevada common law. *See id.* ¶ 8
3  (improperly labeled ¶ 7). Defendants subsequently removed the case to federal court, pursuant to
4  28 U.S.C. §§ 1441 and 1446. This court has jurisdiction over the action pursuant to 28 U.S.C. §
5  1331, which grants the district courts "original jurisdiction of all civil actions arising under the
6  Constitution, laws, or treaties of the United States."

7  The defendants have filed a counterclaim for breach of the duty of loyalty, alleging that Cohn
8  "by reason of his gross negligence was involved in several collisions resulting in damages to
9  [c]ounterclaimants, in the amount of $10,000." Counterclaim ¶ 1 (doc. #4). The counterclaim does
10  not contain a jurisdictional allegation.

11  "[F]ederal courts have supplemental jurisdiction over compulsory counterclaims, but
12  permissive counterclaims require their own jurisdictional basis." *See Hart v. Clayton–Parker and*
13  *Associates, Inc.*, 869 F.Supp. 774, 776 (D. Ariz. 1994) (citing 6 Charles Alan Wright, Arthur R.
14  Miller and Mary Kay Kane, Federal Practice and Procedure, § 1422 (1989)). Federal Rule of Civil
15  Procedure 13(a) provides that a compulsory counterclaim "arises out of the transaction or occurrence
16  that is the subject matter of the opposing party's claim and does not require for its adjudication the
17  presence of third parties of whom the court cannot acquire jurisdiction."

18  In determining what constitutes a compulsory counterclaim, the Ninth Circuit applies a
19  "logical relationship" test to determine whether a claim and counterclaim arise out of the same
20  transaction or occurrence. *Montana v. Goldin*, 394 F.3d 1189, 1196 (9th Cir. 2005); *see also In re*
21  *Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992). The operative question is "whether the essential facts
22  of the various claims are so logically connected that considerations of judicial economy and fairness
23  dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of America*, 827
24  F.2d 1246, 1249 (9th Cir. 1987). Thus, courts must determine whether there is a substantial overlap
25  between the facts necessary to the claim and counterclaim. *Id.* at 1251.

26  This court finds that defendants' counterclaims are permissive. The FLSA claims relate to
27  the wage payment practices of the defendants. However, the counterclaim relates to a private duty

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

under state law. The evidence, questions of fact, and questions of law required to determine the counterclaim are wholly dissimilar from those required to determine the FLSA claims. Furthermore, there is no independent basis to confer subject matter jurisdiction. The counterclaim does not implicate a federal question, *see* 28 U.S.C. § 1331, nor does it meet the requirements for diversity jurisdiction as the parties are not diverse and counterclaim seeks only $10,000 in damages, *see* 28 U.S.C. § 1332. As there is no independent basis conferring subject matter jurisdiction to this court over defendants' counterclaim, the court finds it appropriate to dismiss the counterclaim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to dismiss counterclaim (doc. #12) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED THAT defendants' counterclaim (doc. #4) be, and the same hereby is, DISMISSED without prejudice.

DATED February 23, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**