Leon Greenberg, NSB 8094
Dana Sniegocki, NSB 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard, Ste. E-4
Las Vegas, Nevada 89146
Tel (702)383-6085
Fax (702)385-1827

Christian Gabroy, NSB 8805
Gabroy Law Offices
The District at Green Valley Ranch
170 S. Green Valley Pkwy, Ste 280
Henderson, NV 89012
Tel (702)259-7777
Fax (702)259-7704

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK COHN, Individually and on behalf of a class of all similarly situated persons, | **Case No.: 2:11-cv-1832-JCM-RJJ** |
| Plaintiff, | **FIRST SUPPLEMENTAL COMPLAINT** |
| v. | |
| RITZ TRANSPORTATION, INC., AWG AMBASSADOR, LLC, ALAN WAXLER, and RAYMOND CHENOWETH, | |
| Defendants. | |

Now comes Plaintiff, for himself and all others similarly situated, and alleges the following upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters:

PARTIES AND PRELIMINARY STATEMENT

1

1     1.   The plaintiff, FRANK COHN, is a resident of Clark

2 County, Nevada, and a former employee of the defendants RITZ

3 TRANSPORTATION INC, and AWG AMBASSADOR, LLC.

4     2.   The defendants, RITZ TRANSPORTATION, INC., and AWG

5 AMBASSADOR, LLC, ("the corporate defendants") are corporations

6 or limited liability companies existing and established pursuant

7 to the laws of the State of Nevada with their principal places

8 of business in the County of Clark, State of Nevada.  The

9 defendants, ALAN WAXLER and RAYMOND CHENOWETH ("the individual

10 defendants") are the owners and/or managers of the corporate

11 defendants.

12     3.   The acts complained of herein took place solely, or

13 primarily, in Clark County, Nevada.

14     4.   The plaintiff has been an employee of the defendants

15 jointly for the purposes of the Fair Labor Standards Act

16 ("FLSA"), and of only the corporate defendants for the purposes

17 of Nevada's labor laws, during the time period pertinent to

18 this complaint, to wit, during a portion of the three years

19 immediately preceding the initiation of this action.  The

20 plaintiff has performed labor and services in an occupation

21 that is subject to the provisions of the FLSA, *to wit*,

22 performing work as a driver of shuttle buses for defendants.

23 Defendants are employers subject to the provisions of the FLSA

24 in that they are engaged in commerce as defined by the FLSA

25 because they have gross revenue in excess of $500,000 per year

26 and have or do use goods that have moved in commerce.

27     5.   That all of the various violations of law that are

28 alleged herein were committed intentionally and/or willfully by

1  the defendants.

2  THE PROPOSED CLASS CLAIMS AND PARTIES

3  6.   Pursuant to Section 16(b) of the FLSA, the individual

4  plaintiff brings this Complaint as a collective action (also

5  commonly referred to as an "opt-in" class), on behalf of himself

6  and all persons similarly situated, to wit a putative class of

7  shuttle bus drivers employed by the defendants solely in the

8  State of Nevada within three (3) years of the filing of this

9  Complaint until entry of judgment after trial, such shuttle bus

10  drivers having, on occasion, worked in excess of 40 hours per

11  week and not being compensated at time and one-half their

12  regular hourly rate for each hour worked in excess of 40 hours

13  per week as required by the FLSA and Nevada law.

14  6.   In respect to the Nevada statutory claims set forth in

15  the Second and Third Claims for relief, the plaintiff brings

16  this action as a class action pursuant to Nev. R. Civ. P. 23 on

17  behalf of himself and a class of all similarly situated persons

18  employed by the corporate defendants in the State of Nevada.

19  7.   Plaintiff also brings this action as a class action

20  under Nev. R. Civ. P. 23 for claims arising under Nevada's

21  common law, to wit, as against all defendants for tortious

22  interference with prospective economic advantage and conversion

23  and as against the corporate defendants for breach of contract

24  for damages sustained by members of the putative class as third

25  party beneficiaries of such breach of contract, such persons

26  having been the intended beneficiaries of a mandatory "service

27  charge" imposed upon defendants' customers by the defendants,

28  and such persons not receiving any, or an improper portion, of

3

such mandatory "service charge" with the defendants having retained the entire or a portion of such mandatory "service charge" for their own benefit.  Such service charges were described in written instruments and contracts between such customers and the defendant as mandatory "service charges" and had the plain and understood meaning to and were the property of such customers that such "service charges" were for distribution to the class members driving shuttle buses for which such mandatory "service charges" were included in the price of the transportation services sold by the defendant.  In addition, or alternatively, such mandatory "service charges" were paid by such customers to defendant in lieu of the customary voluntary gratuity such customers would have otherwise conferred upon the plaintiff class members driving the shuttle buses for which such mandatory "service charges" were included in the price of the transportation services sold by the defendant.

8.    Plaintiff is informed and believes, and based thereon alleges that there are at least 100 putative class and collective action members.  The actual number of class and collective action members is readily ascertainable by a review of the defendants' records through appropriate discovery.

9.    The number of class members is so numerous that joinder is impracticable and would involve many individual litigations.  Disposition of these claims in a class and/or collective action rather than in individual actions will benefit the parties and the Court.

10.    There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

4

11. Proof of a common or single set of facts will establish the right of each member of the class to recover.  These common questions of law and fact predominate over questions that affect only individual class members.  The individual plaintiff's claims are typical of those of the class.

12.  A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy.  Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action.  This type of case is uniquely well-suited for class or collective treatment since the employers' practices were uniform and the burden is on the employer to establish that its method for compensating the class members complies with the requirements of the FLSA and Nevada law.

13.  The individual plaintiff will fairly and adequately represent the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class.

14.  The individual plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

15.  There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they

1  were not parties.

2  FACTUAL ALLEGATIONS UNDERLYING THE CLAIMS

3  16.  The corporate defendants are in the business of

4  providing shuttle bus service to and from the Las Vegas airport,

5  Las Vegas hotels, Las Vegas conventions, and other events taking

6  place in Clark County, Nevada, the corporate defendants also

7  employing the plaintiff and the putative FLSA collective and

8  Nev. R. Civ. P. 23 class members in connection with their

9  providing of such services to their customers, such persons

10  employed by the defendants typically being called "shuttle bus

11  drivers," or "drivers."

12  17.  The individual defendants are the directors, owners,

13  officers and/or active managers of the corporate defendants and

14  have complete control over the corporate defendants and have the

15  authority and duty to make the corporate defendants' policies

16  comply with the FLSA and have acted as an employer for the

17  purposes of the FLSA violations alleged herein in that such

18  individual defendants have acted as agents of an employer

19  knowing of the policies of the corporate defendants alleged

20  herein that have violated the FLSA and/or by ordering, creating,

21  implementing, enforcing, and/or otherwise allowing and directing

22  such policies continue despite having the authority to prevent

23  such policies which violated the FLSA from taking place and

24  despite actual or constructive knowledge that such policies were

25  violating the FLSA and/or by failing to act to prevent or remedy

26  such policies violating the FLSA in a wanton and willful

27  disregard of the FLSA's requirements which the individual

28  defendants were charged with knowing and complying with as a

6

matter of law.

18.   The compensation system used by the defendants for the plaintiff and those similarly situated was "straight time no overtime" system, meaning such employees were being paid a set hourly amount for each hour they worked, the plaintiffs not being paid time and one-half their "regular hourly rate" for work in excess of 40 hours a week as required by the FLSA and Nevada law.

19.   Defendants' violations of the FLSA were willful in that defendants were aware they were required to pay the plaintiff and members of the putative plaintiff class overtime at a rate of one and one-half their regular hourly rate under FLSA but failed to do so.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

20.   The named plaintiff brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b) against all defendants on behalf of himself and all other similarly situated persons, if any, who consent in writing to join this action.

21.    Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the named plaintiff and those similarly situated were entitled to an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, the named plaintiff and those similarly situated worked more than forty hours per week for the defendants, and the defendants willfully failed to make said overtime payments.

22.   The named plaintiff on behalf of himself and all other similarly situated persons who consent in writing to join this action, seeks, on this First Claim for Relief, a judgment against all defendants for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named plaintiff and any such other persons who consent to join this action, and the plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF PURSUANT TO NEVADA REVISED STATUTES § 608.018 AGAINST THE CORPORATE DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

23.   The individual plaintiff repeats the allegations previously set forth as if each were separately and completely set forth in this claim for relief.

24.   The individual plaintiff brings this Second Claim for Relief against the corporate defendants pursuant to NRS § 608.018 on behalf of himself and a class of all similarly situated employees of the corporate defendants.

25.   Pursuant to NRS § 608.018, the plaintiff and the putative class members were entitled to the payment of wages at time and one-half their normal hourly rate when they worked in excess of 8 hours a day or 40 hours a week, and the plaintiffs were not paid such required wages.

26.   The individual plaintiff on behalf of himself and the class members, seeks, on this Second Claim for Relief, a judgment against the corporate defendants for overtime wages,

such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiff, and also seeks an award of attorney's fees, interest and costs, as provided for by Nevada Law.

### AS AND FOR A THIRD CLAIM FOR RELIEF PURSUANT TO NEVADA REVISED STATUTES § 608.040 ON BEHALF OF THE NAMED PLAINTIFF AND THE PUTATIVE CLASS AGAINST THE CORPORATE DEFENDANT

27.   The individual plaintiff repeats the allegations previously set forth as if each were separately and completely set forth in this claim for relief.

28.   The named plaintiff brings this Third Claim for Relief against the corporate defendants pursuant to Nevada Revised Statutes § 608.040 on behalf of himself and a class of all similarly situated employees of the corporate defendants.

29.   On or about September 20, 2011, the named plaintiff was separated from his employment with the corporate defendants and at the time of such discharge the named plaintiff was owed unpaid wages by the corporate defendants.

30.   The corporate defendants have failed and refused to pay the named plaintiff and numerous members of the putative plaintiff class their earned but unpaid wages, such conduct by such defendant constituting a violation of Nevada Revised Statutes § 608.020, or § 608.030 and giving the named plaintiff and similarly situated members of the putative class of plaintiffs a claim against the corporate defendants under Nevada Revised Statutes § 608.040.

31.   As a result of the foregoing, the plaintiff seeks a

judgment against the corporate defendants for the wages
prescribed by Nevada Revised Statutes § 608.040, to wit, for a
sum equal to up to thirty days wages, along with interest, costs
and attorney's fees, on behalf of himself and the members of the
putative plaintiff class.

**AS AND FOR A FOURTH CLAIM FOR RELIEF ON BEHALF
OF PLAINTIFFS FOR DAMAGES SUSTAINED
AS THIRD PARTY CONTRACT BENEFICIARIES**

32.   The individual plaintiff repeats the allegations
previously set forth as if each were separately and completely
set forth in this claim for relief.

33.   The corporate defendants entered into contracts with
their customers whereby their customers promised to pay
mandatory "service charges" in connection with the shuttle bus
service performed by the corporate defendants' drivers for such
customers.

34.   The foregoing contracts entered into by the corporate
defendants and their customers were all memorialized and made
binding obligations between the same through written
instruments.

35.   In entering into the foregoing contracts, wherein
their customers agreed to pay such mandatory "service charges,"
the corporate defendants made a promise, either express or
implied and understood to exist by their customers, that the
mandatory "service charges" paid by such customers were to be
paid solely to the plaintiff class members driving the shuttle
buses for which such mandatory "service charges" were included
in the price of the transportation services sold by the

defendant and no part of such mandatory "service charge" was to be used by the corporate defendants for other purposes or was to be paid by the corporate defendants to persons other than the plaintiff class members who actually drove the shuttle buses provided under the contracts which included such mandatory "service charges" in the price charged by the defendant.

36.   The corporate defendants knowing that their customers believed they were making a promise to solely distribute to the plaintiff class members driving the shuttle buses the mandatory "service charges" paid by their customers, made no attempt to advise their customers that no such promise was, in fact, being made or kept by the corporate defendants and intentionally allowed their customers to believe such promise was being made and kept and intentionally concealed from their customers, and refused to reveal to their customers, their involved employees, or the public, that a portion of such mandatory "service charges" were being used by the corporate defendants for other purposes and/or being paid by the corporate defendants to employees besides those plaintiff class members driving the shuttle buses provided under the contracts which included such mandatory "service charges" in the price charged by the defendant.

37.   The corporate defendants' customers reasonably relied upon the corporate defendants' promise to their customers that the mandatory "service charges" they paid to the corporate defendants pursuant to their contracts with the corporate defendants would be paid, and were being paid, to the plaintiff class members driving the shuttle buses provided under the

contracts which included such mandatory "service charges" in the price charged by the defendant without any portion of such mandatory "service charge" being used by the corporate defendants for other purposes and without any portion of such mandatory "service charge" being distributed by the corporate defendants to any persons other than the plaintiff class members driving the shuttle buses provided under the contracts which included such mandatory "service charges" in the price charged by the defendant.

38.   Plaintiffs were the intended and identified beneficiaries of the aforesaid contracts set forth in written instruments that were made by the corporate defendants with their customers that the mandatory "service charges" being paid to the corporate defendants by such customers would, in turn, be paid in their entirety to the plaintiff class members driving the shuttle buses provided under the contracts which included such mandatory "service charges" in the price charged by the defendants.

39.   The corporate defendants breached their aforesaid contracts with their customers that are described in paragraphs 33 through 38 by failing to pay the mandatory "service charges" they collected from their customers in the fashion promised by such contracts, to wit, the corporate defendants failed to pay the full amount of each collected mandatory "service charge" to the plaintiff class members driving the shuttle buses provided under the contracts which included such mandatory "service charges" in the price charged by the defendant.

40.   Plaintiffs, as the intended third party contract

beneficiaries of the mandatory "service charges" to be paid by the corporate defendants' customers pursuant to the contracts described in paragraphs 33 through 38, have sustained damages as a result of the corporate defendants' breach of their contracts as described in paragraph 39, in that the plaintiffs have not been paid by the corporate defendants the full amount of such mandatory "service charges" they were entitled to receive as such third party contract beneficiaries.

41.  As a result of the foregoing, the individual plaintiff seeks on behalf of himself, and the other plaintiffs similarly situated, the payment from the corporate defendants to the plaintiffs of the monies the corporate defendants failed to pay to the plaintiffs that were owed to the plaintiffs as third party contract beneficiaries, as alleged in this claim for relief, together with an award of costs, interest and attorney's fees.

**FIFTH CLAIM FOR RELIEF FOR WRONGFUL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

42.  The individual plaintiff repeats the allegations previously set forth as if each were separately and completely set forth in this claim for relief.

43.  The individual and corporate defendants charge customers with whom it contracts to provide shuttle bus services a mandatory "service charge" calculated as a percentage of the amount otherwise charged to the customer for the shuttle bus services performed by the plaintiff and members of the putative plaintiff class, or calculates such service charge on some other basis.  Defendants' customers paying the mandatory "service

charge" assume that the entirety of such mandatory "service charge" is being distributed, in full, to the plaintiff class members driving the shuttle buses provided under the contracts which included such mandatory "service charges" in the price charged by the defendants.

44.  Defendants retain a portion of each mandatory "service charge" collected from their customers and described in paragraph 43 and do not pay such amount of service charges to the plaintiff class members driving the shuttle buses provided under the contracts which included such mandatory "service charges" in the price charged by the defendant, but this fact is neither disclosed to defendants' customers nor to plaintiffs.

45.  A prospective contractual or other advantageous economic relationship between plaintiffs and the defendants' customers existed because it is the custom for such customers when receiving shuttle bus services to voluntarily pay a tip or gratuity to the drivers of such shuttle busses, and it is also the custom that in lieu of paying such a voluntary gratuity, such customer will pay a designated mandatory "service charge" that will in turn be paid, in full, to the drivers actually driving the shuttle buses provided under the contracts which included such mandatory "service charges" in the price charged by the defendants.

46.  The defendants were aware of the foregoing prospective contractual and/or economically advantageous relationship between the plaintiffs and the defendants' customers because they are experienced in the shuttle bus business and know that the aforesaid alleged tipping practice and mandatory "service

1  charge" distribution practices alleged in paragraph 45 are

2  customary.

3       47.   The defendants wrongfully and tortiously interfered

4  with the plaintiffs' prospective economically advantageous

5  relationship with defendants' customers by falsely representing

6  to their customers that an included mandatory "service charge"

7  was to be distributed in full among the plaintiffs driving the

8  shuttle buses provided by the defendants under the contracts

9  which imposed such mandatory "service charge"; by falsely

10  representing to their customers that such mandatory "service

11  charge" was in lieu of a gratuity when such mandatory "service

12  charge" was not fully distributed to the plaintiffs driving the

13  shuttle buses provided under the contracts upon which defendants

14  imposed such mandatory "service charge"; and as a result of such

15  false representations discouraged voluntary tipping or gratuity

16  giving by defendants' customers to such plaintiffs because each

17  such mandatory "service charge" was understood by defendants'

18  customers as being paid by them in lieu of the voluntary and

19  customary gratuity that they would otherwise bestow upon such

20  plaintiffs.

21       48.   Defendants intended to harm plaintiffs by preventing

22  an economically advantageous relationship between the plaintiffs

23  and the defendants' customers from forming or by appropriating

24  to the defendants the prospective economic advantage and

25  opportunity possessed by the plaintiffs in relation to the

26  defendants' customers in that the defendants were substantially

27  certain that falsely representing that an included mandatory

28  "service charge" in the cost of purchased shuttle bus service

would be distributed in its entirety among the plaintiffs driving the shuttle buses provided as a result of such purchase of transportation services would, by dissuading voluntary tipping by their customers to such plaintiffs, result in an interference with a relationship between plaintiffs and defendants' customers that was economically advantageous to the plaintiffs.

49.  Defendants can claim no privilege or justification for falsely representing to their customers that an included mandatory "service charge" was to be distributed in full among the plaintiffs driving the shuttle buses for which such mandatory "service charge" was imposed and by doing so they discouraged voluntary tipping by their customers to such employees.

50.  Plaintiffs suffered actual harm as a result of defendants' practice of falsely representing that an included mandatory "service charge" would be distributed in full among plaintiffs driving the shuttle buses for which such mandatory "service charge" was imposed in that such plaintiffs did not receive tips or gratuities from customers that they otherwise would have received had the mandatory "service charge" not been falsely represented by defendants as being distributed in full to such plaintiffs.

51.  Defendants' conduct in tortiously interfering with the plaintiffs' prospective economically advantageous relations with the defendants' customers, and the defendants' appropriation of the plaintiffs' rightfully possessed and valuable economic opportunity to receive tips or gratuities from such customers,

was malicious, in that defendants could have achieved their goal
of increasing their revenues from shuttle bus service sales by
simply increasing the amount they charged their customers for
shuttle bus services.  Rather than directly increase their
shuttle bus service prices, they achieved the same increase in
revenue by requiring their customers pay a mandatory "service
charge," a portion or all of which defendants retained, such
mandatory "service charge" being understood by defendants'
customers to not be part of the price of the shuttle bus service
they were purchasing from the defendants but to be for the
plaintiff class members driving the shuttle buses provided under
the contracts which included such mandatory "service charges"
were in the price charged by the defendants, such mandatory
"service charge" being paid in lieu of a voluntary tip or
gratuity such customers would have otherwise freely given to
such plaintiffs.

52. The foregoing actions allegedly performed by the
defendants were intended to harm the plaintiffs and did harm
them.

53.  As a result of the foregoing, the individual plaintiff
seeks on behalf of himself and the other similarly situated
members of the plaintiff class a judgment against the defendants
for the sums of money owed to such persons as a result of the
defendants' tortious interference with the plaintiffs'
prospective contractual or other economically advantageous
relations along with an award of punitive damages in excess of
ten thousand dollars ($10,000.00) on behalf of each plaintiff,
along with interest, costs and attorney's fees.

1

**SIXTH CAUSE OF ACTION FOR CONVERSION**

2      54.   The plaintiff repeats the allegations previously set

3   forth as if each were separately and completely set forth

4   herein.

5      55.   The included mandatory "service charge" as part of

6   defendants' customers' bills were falsely represented by

7   defendants as a service charge to be distributed in full to the

8   plaintiff class members driving the shuttle buses provided under

9   the contracts which included such mandatory "service charges" in

10   the price of the transportation services sold by the defendant.

11      56.   Upon paying this service charge, it was the intent and

12   understanding of the defendants' customers paying the same that

13   the service charge money they had paid belonged to the plaintiff

14   and the putative plaintiff class members and was the property of

15   the such class members and defendants, through either active

16   concealment or silence, represented this to be true.

17      57.   The defendants' relationship to the mandatory "service

18   charge" funds that their customers intended for, and gave to,

19   the plaintiff shuttle bus drivers was that of bailee or

20   custodian lacking any legal right to retain any portion of the

21   mandatory "service charge" funds for themselves, as such charges

22   were represented by defendants, either expressly or as a matter

23   of law by defendants' failure to advise their customers

24   otherwise, as being fully distributed by defendants to the

25   plaintiff class members driving the shuttle buses provided under

26   the contracts which included such mandatory "service charges" in

27   the price of the transportation services sold by the defendant.

28      58.   By retaining all or a portion of the service charge

18

money for itself, defendants have converted funds rightfully belonging to the plaintiff and the class members and willfully failed and refused to deliver such funds to the plaintiff and the class members, defendants' failure to do so being intentional and constituting an act of conversion in that the defendants intended to permanently deprive the plaintiff and the class members of such monies.

59.  As a result of the foregoing, the individual plaintiff seeks on behalf of himself and the numerous other similarly situated members of the plaintiff class a judgment against the defendants for the sums of money owed, but not paid, to the class members as a result of the defendants' conversion along with an award of punitive damages in the amount of ten thousand dollars ($10,000.00) to the class, along with interest, costs and attorney's fees.

**SEVENTH CAUSE OF ACTION FOR RELIEF UNDER 29 U.S.C. § 215 OF THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS EXCEPT THE INDIVIDUAL DEFENDANTS ON BEHALF OF PLAINTIFF COHN ONLY**

60.  Pursuant to 29 U.S.C. § 215(a)(3) it is a violation of the Fair Labor Standards Act for any person to discriminate or retaliate against any employee who files a complaint or institutes or caused to be instituted any proceeding under the Fair Labor Standards Act.

61.  Pursuant to 29 U.S.C. § 216(b) any employer who violates the provisions of 29 U.S.C. § 215(a)(3) shall be subjected to such legal and equitable relief as is appropriate.

62.  The defendants have violated 29 U.S.C. § 215(a)(3) by initiating a counterclaim against plaintiff, FRANK COHN, subsequent to the filing current action, such violation being

1   established by the following facts, among others:

2           (a)  Defendants filed a counterclaim against plaintiff,

3   FRANK COHN, for Breach of the Duty of Loyalty and alleged

4   property damages, subsequent to plaintiff COHN filing the

5   instant action against the defendants;

6           (b)  Defendants did not attempt to file a claim against

7   FRANK COHN for Breach of the Duty of Loyalty and alleged

8   property damages prior to the initiation of this lawsuit,

9   despite the fact that FRANK COHN has been separated from his

10  employment with defendants since September 20, 2011.

11     63.   Plaintiff, FRANK COHN, has been injured by the

12  defendants' violations of 29 U.S.C. § 215(a)(3) in that he was

13  required to vigorously contest the counterclaim brought against

14  him that, but for his initiation of this litigation, would not

15  have been so brought.

16     64.   Pursuant to the foregoing, the plaintiff, FRANK COHN,

17  seeks an award against all defendants of actual damages,

18  liquidated damages, costs, interest and attorneys fees, and

19  punitive damages in amounts sufficient to punish and deter the

20  defendants' conduct and violation of 29 U.S.C. § 215(a)(3),

21  along with appropriate equitable relief under the Fair Labor

22  Standards Act and such other relief as the Court deems just and

23  proper.

24                         PRAYER FOR RELIEF

25      WHEREFORE, the plaintiff demands judgment against

26  defendants as hereinafter set forth, including, *inter alia*:

27  (a) Declare this action to be maintainable as a class action

28          on behalf of the proposed class of plaintiffs as per

1    Nev. R. Civ. P. 23;

2    (b) Grant Plaintiffs the relief requested on each claim for

3        relief set forth herein;

4    (c) Award Plaintiff and Plaintiff class members their costs

5        and disbursements of this suit, including without

6        limitation, reasonable attorneys', accountants' and

7        experts' fees;

8    (d) Grant Plaintiff and the Plaintiff class members such

9        other and further relief as the Court may deem just and

10       proper.

11   (e) Grant individual relief for plaintiff, FRANK COHN, as

12       specified in plaintiff's Seventh Claim for Relief and as

13       requested therein.

14   Plaintiff further demands a trial by jury on all issues so

15   triable.

16   Dated:    April 19, 2012

17

18                          Submitted by the attorneys for the
                            Plaintiffs
19                          Leon Greenberg Professional Corporation

                                /s/ Leon Greenberg
20                          By:_____
                            Leon Greenberg, Esq.
21                          Nevada Bar No.: 8094
                            2965 South Jones Boulevard - Suite E4
22                          Las Vegas, Nevada 89146
                            Tel (702) 383-6085
23                          Fax (702) 385-1827
                            leongreenberg@overtimelaw.com
24

25

26

27

28

21