GORDON SILVER
MOLLY M. REZAC, ESQ.
Nevada Bar No. 7435
Email: mrezac@gordonsilver.com
JAMIE L. ZIMMERMAN. ESQ.
Nevada Bar No. 11749
Email: jzimmerman@gordonsilver.com
100 W. Liberty Street, Suite 690
Reno, NV  89501
Telephone:  (775) 343-7500
Facsimile:  (775) 786-0131

NORMAN H. KIRSHMAN, P.C.
NORMAN H. KIRSHMAN
Nevada Bar No. 2733
Email: kirshmanlaw@yahoo.com
700 S. Third Street
Las Vegas, NV 89101
Telephone: (702) 382-5210
Facsimile: (702) 366-0424
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK COHN, individually and on behalf of a class of all similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>RITZ TRANSPORTATION, INC., AWG AMBASSADOR, LLC, ALAN WAXLER, and RAYMOND CHENOWETH,<br><br>Defendants. | CASE NO. 2:11-cv-1832-JCM-RJJ<br><br>**DEFENDANTS' ANSWER TO FIRST SUPPLEMENTAL COMPLAINT** |

Defendants RITZ TRANSPORTATION, INC., AWG AMBASSADOR, LLC, ALAN WAXLER, and RAYMOND CHENOWETH (collectively "Defendants"), by and through their attorneys, the law firm of Gordon Silver, hereby answer Plaintiff's First Supplemental Complaint on file herein (the "Supplemental Complaint") as follows:

**PARTIES AND PRELIMINARY STATEMENT**

1. Answering Paragraph 1 of the Supplemental Complaint, Defendants admit only that Cohn is a former employee of Ritz Transportation, Inc. and AWG Ambassador, LLC.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

1 of 13

1   Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of
2   the remaining allegations contained in this paragraph of the Supplemental Complaint, and
3   therefore specifically and generally deny said allegations.

4         2.      Answering Paragraph 2 of the Supplemental Complaint, Defendants admit that
5   Ritz Transportation, Inc. is a Nevada corporation, AWG Ambassador, LLC is a Nevada limited
6   liability company, that their principal places of business are in Clark County, Nevada, that Alan
7   Waxler and Raymond Chenoweth are the managers of AWG Ambassador, LLC, and, except as
8   so admitted, deny the remaining allegations of this paragraph.

9         3.      Answering Paragraph 3 of the Supplemental Complaint, Defendants lack
10  knowledge or information sufficient to form a belief as to the truth or veracity of the allegations
11  contained in this paragraph of the Supplemental Complaint, and therefore specifically and
12  generally denies said allegations.

13        4.      Denied.

14        5.      Denied.

15  **THE PROPOSED CLASS CLAIMS AND PARTIES**

16        6.      Answering Paragraph 6 of the Supplemental Complaint, Defendants admit that
17  Plaintiff purports to assert claims arising under Section 16(b) of the Fair Labor Standards Act
18  ("FLSA"), but denies that the allegations of Plaintiff's Supplemental Complaint state such claims
19  or that Plaintiff is entitled to such relief, and except as so admitted, denies the remaining
20  allegations of this paragraph.

21        7.      [sic]   Answering Paragraph 6 [sic] of the Supplemental Complaint, Defendants
22  admit that Plaintiff purports to bring this action as a class action pursuant to N.R.C.P. 23, but
23  denies that the allegations of Plaintiff's Supplemental Complaint state such claims or that
24  Plaintiff is entitled to such relief, and except as so admitted, denies the remaining allegations of
25  this paragraph.

26        8.      Answering Paragraph 7 of the Supplemental Complaint, Defendants admit that
27  Plaintiff purports to bring this action as a class action pursuant to N.R.C.P. 23, but denies that the
28

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

2 of 13

1  allegations of Plaintiff's Supplemental Complaint state such claims or that Plaintiff is entitled to
2  such relief, and except as so admitted, denies the remaining allegations of this paragraph.

3      9.     Denied.

4      10.    Denied.

5      11.    Denied.

6      12.    Denied.

7      13.    Denied.

8      14.    Denied.

9      15.    Denied.

10    16.    Denied.

**FACTUAL ALLEGATIONS UNDERLYING THE CLAIMS**

17. Answering Paragraph 16 of the Supplemental Complaint, Defendants admit only that Ritz Transportation, Inc. was in the business of and AWG Ambassador, LLC is in the business of providing shuttle services to locations, including, but not limited to, the Las Vegas airport, Las Vegas hotels, Las Vegas conventions, and other events taking place in Clark County, Nevada.  Defendants also admit that Defendants employed Plaintiff as a driver.  All remaining allegations are denied.

18.    Denied.

19.    Denied.

20.    Denied.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE
FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS ON BEHALF OF
THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

21. Answering Paragraph 20 of the Supplemental Complaint, Defendants admit that Plaintiff purports to assert claims arising under Section 16(b) of the FLSA, but denies that the allegations of Plaintiff's Supplemental Complaint state such claims or that Plaintiff is entitled to such relief, and except as so admitted, denies the remaining allegations of this paragraph.

22.    Denied.

23.    Denied.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

**AS AND FOR A SECOND CLAIM FOR RELIEF PURSUANT
TO NEVADA REVISED STATUTES § 608.018 AGAINST THE
CORPORATE DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFF
AND ALL OTHERS SIMILARLY SITUATED**

24. Answering Paragraph 23 of the Supplemental Complaint, Defendants specifically incorporates herein as if set forth in full their responses to the preceding paragraphs of the Supplemental Complaint.

25. Answering Paragraph 24 of the Supplemental Complaint, Defendants admit that Plaintiff purports to bring this claim on behalf of a class, but denies that the allegations of Plaintiff's Supplemental Complaint state such claims or that Plaintiff is entitled to such relief, and except as so admitted, denies the remaining allegations of this paragraph.

26. Denied.

27. Denied.

**AS AND FOR A THIRD CLAIM FOR RELIEF PURSUANT TO
NEVADA REVISED STATUTES § 608.040 ON BEHALF OF
THE NAMED PLAINTIFF AND THE PUTATIVE CLASS AGAINST
THE CORPORATE DEFENDANT**

28. Answering Paragraph 27 of the Supplemental Complaint, Defendants specifically incorporates herein as if set forth in full their responses to the preceding paragraphs of the Supplemental Complaint.

29. Answering Paragraph 24 of the Supplemental Complaint, Defendants admit that Plaintiff purports to bring this claim on behalf of a class, but denies that the allegations of Plaintiff's Supplemental Complaint state such claims or that Plaintiff is entitled to such relief, and except as so admitted, denies the remaining allegations of this paragraph.

30. Answering Paragraph 29 of the Supplemental Complaint, Defendants admit only that Plaintiff was separated from his employment on or about September 20, 2011. All remaining allegations are denied.

31. Denied.

32. Denied.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

4 of 13

**AS AND FOR A FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS FOR DAMAGES SUSTAINED AS THIRD PARTY CONTRACT BENEFICIARIES**

33. Answering Paragraph 32 of the Supplemental Complaint, Defendants specifically incorporates herein as if set forth in full their responses to the preceding paragraphs of the Supplemental Complaint.

34. Answering Paragraph 33 of the Supplemental Complaint, Defendants admit only that certain shuttle bus services include mandatory service charges, which are paid to the drivers. All remaining allegations are denied.

35. Denied.

36. Denied.

37. Denied.

38. Answering Paragraph 37 of the Supplemental Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in this paragraph of the Supplemental Complaint, and therefore specifically and generally denies said allegations.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**FIFTH CLAIM FOR RELIEF FOR WRONGFUL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

43. Answering Paragraph 42 of the Supplemental Complaint, Defendants specifically incorporates herein as if set forth in full their responses to the preceding paragraphs of the Supplemental Complaint.

44. Answering Paragraph 43 of the Supplemental Complaint, Defendants admit only that certain shuttle bus services include mandatory service charges, which are paid to the drivers. All remaining allegations are denied.

45. Denied.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

5 of 13

1  46. Denied.
2  47. Denied.
3  48. Denied.
4  49. Denied.
5  50. Denied.
6  51. Denied.
7  52. Denied.
8  53. Denied.
9  54. Denied.

**SIXTH CAUSE OF ACTION FOR CONVERSION**

55. Answering Paragraph 54 of the Supplemental Complaint, Defendants specifically incorporates herein as if set forth in full their responses to the preceding paragraphs of the Supplemental Complaint.

56. Denied.
57. Denied.
58. Denied.
59. Denied.
60. Denied.

**SEVENTH CAUSE OF ACTION FOR RELIEF UNDER 29 U.S.C. § 215 OF THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS EXCEPT THE INDIVIDUAL DEFENDANTS ON BEHALF OF PLAINTIFF COHN ONLY**

61. Answering Paragraph 60 of the Supplemental Complaint, Defendants state that the language of the statute referred to in this paragraph are contained in a document of independent legal significance, and to the extent Plaintiff's recitation and/or characterization of same differs from said statute, said allegations are specifically and generally denied.

62. Answering Paragraph 61 of the Supplemental Complaint, Defendants state that the language of the statute referred to in this paragraph are contained in a document of independent legal significance, and to the extent Plaintiff's recitation and/or characterization of same differs from said statute, said allegations are specifically and generally denied.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

6 of 13

63. Denied.

  (a) Answering Paragraph 62(a) of the Supplemental Complaint, Defendants admit only that they filed a counterclaim against Plaintiff in this action for Breach of the Duty of Loyalty, which counterclaim has since been dismissed. All remaining allegations are denied.

  (b) Answering Paragraph 62(b) of the Supplemental Complaint, Defendants admit only that Plaintiff was separated from his employment at AWG Ambassador, LLC on or about September 20, 2011. All remaining allegations are denied.

64. Denied.

65. Denied.

## AFFIRMATIVE DEFENSES

All possible affirmative defenses may or may not have been asserted herein insofar as sufficient facts were not available to Defendants after reasonable inquiry upon the filing of this pleading and therefore, Defendants assert the following defenses based in fact or upon reasonable belief and hereby reserves the right to amend this Answer to allege appropriate or additional defenses, if subsequent investigation of discovery so warrants.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred because Defendants acted reasonably, lawfully, and in good faith and with reasonable grounds for believing that they were not in violation of the FLSA at all times material herein based on all relevant facts and circumstances known to them.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred to the extent that Plaintiff and the putative class members he purports to represent were and are exempt employees pursuant to the United States Code, Code of Federal Regulations, Fair Labor Standards Act, Nevada Revised Statutes, including, but not limited to, the Motor Carrier Act Exemption codified in 29 U.S.C. § 213(b)(1).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred as to Defendants Alan Waxler and Raymond Chenoweth because said persons are not, and have never been, Plaintiff's employer.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class members he purports to represent are barred and/or recovery is precluded, in whole or in part, because Defendants' conduct was not reckless and/or willful.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred, in whole or in part, because Plaintiff and the putative class members he purports to represent failed to exhaust their administrative remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail to state facts sufficient to serve as a basis for punitive damages against Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages is barred in whole or in part to the extent that any such award would be violative of the constitutional safeguards provided to Defendants under the constitutions of the State of Nevada or the United States of America.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members he purports to represent failed to exercise reasonable diligence to mitigate said harm/damages (if any were in fact suffered, which is

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555
102874-006/1524056.doc

1 expressly denied) and, therefore, are barred from recovering any damages or any damages
2 awarded to them should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff and the putative class members he purports to represent suffered any harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages were proximately caused by their own acts.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants deny any compensation or funds are owed to Plaintiff and the putative class he purports to represent; however, if Plaintiff and the putative class are ultimately determined to be entitled to compensation or funds, Defendants are entitled to a setoff for all compensation or funds paid to or procured by Plaintiff and the putative class members.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred to the extent that Plaintiff and the putative class members he purports to represent ratified and confirmed the alleged acts of Defendants by accepting the benefits accruing from such acts.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred by failure to demand payment.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein, are barred by the doctrines of waiver, estoppel, ratification, acquiescence, consent and/or agreement based on their acceptance of wages paid to them throughout their employment without protest and, to the extent applicable, upon acceptance of final wages paid to them without protest upon the termination of their employment.

/ / /

/ / /

/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

9 of 13

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred by the doctrine of estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred by the doctrine of waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred by the doctrine of laches.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred by the doctrine of consent.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has not satisfied and cannot satisfy the requirements for certification of any class under the FLSA or Rule 23.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action alleged therein is barred to the extent Plaintiff and such putative class members fell within a class of plaintiffs in another action that had identical claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Supplemental Complaint and each and every purported cause of action therein is barred by mandatory arbitration agreements.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for third party contract beneficiaries is barred, in whole or in part, on the grounds that Plaintiff and the putative class members he purports to represent were not intended beneficiaries to any alleged contracts.

/ / /

/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

10 of 13

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for wrongful interference with prospective economic advantage is barred, in whole or in part, on the grounds that Defendants did not interfere, intentionally or otherwise, with any prospective contracts between Plaintiffs and any third parties.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for conversion is barred, in whole or in part, on the grounds that Defendants did not exercise dominion over any of Plaintiff's property in denial of, inconsistent with, and/or in derogation, exclusion, or defiance of Plaintiff's title or rights to said property.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's individual claim for relief pursuant to 29 U.S.C. § 215 is barred, in whole or in part, on the grounds that Plaintiff was no longer employed by Defendants at the time of the acts alleged.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby incorporate those defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as though fully set forth herein. In the event further investigation and discovery reveals the applicability of such defenses, Defendants reserve the right to seek leave of Court to assert such defenses. Such defenses are specifically incorporated by reference for the purposes of not waiting any such defense.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event that investigation and discovery indicate they would be appropriate.

**WHEREFORE**, Defendants pray as follows with respect to the First Supplemental Complaint:

1. For Plaintiff to take nothing by virtue of its First Supplemental Complaint and, further, for its claims asserted therein against Defendants and each of them to be dismissed with prejudice;

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

11 of 13

2. For a judgment to be entered in favor of the Defendants and each of them on the First Supplemental Complaint and all claims for relief asserted therein;

3. For reasonable attorneys' fees and costs; and

4. For such other and further relief as the Court may deem just and proper.

Dated this 3rd day of May, 2012.

        GORDON SILVER

        /s/  Molly M. Rezac
        MOLLY M. REZAC, ESQ.
        Nevada Bar No. 7435
        Email:  mrezac@gordonsilver.com
        JAMIE ZIMMERMAN, ESQ.
        Nevada Bar No. 11749
        Email: jzimmerman@gordonsilver.com
        100 W. Liberty Street
        Suite 690
        Reno, NV  89501
        Tel:  (775) 343-7500
        Fax:  (775) 786-0131

        NORMAN H. KIRSHMAN, ESQ.
        Nevada Bar Number: 2733
        kirshmanlaw@yahoo.com
        700 S. Third Street
        Las Vegas, NV 89101
        Telephone: (702) 382-5210
        Facsimile: (702) 366-0424
        *Attorneys for Defendants*

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Gordon Silver, hereby certifies that on the 3rd day of May, 2012 she filed and served a copy of the DEFENDANTS ANSWER TO FIRST SUPPLEMENTAL COMPLAINT, via the Court's CM/ECF filing system upon:

| | |
|---|---|
| Leon Greenberg | Christian Gabroy |
| Dana Sniegocki | Gabroy Law Offices |
| Leon Greenberg Professional Corporation | The District at Green Valley Ranch |
| 2965 South Jones Boulevard, Ste. E-4 | 170 S. Green Valley Pkwy, Ste 280 |
| Las Vegas, Nevada 89146 | Henderson, NV 89012 |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |

/s/ Shondel Ferrera
Shondel Ferrera, an employee of
GORDON SILVER

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102874-006/1524056.doc

13 of 13