Leon Greenberg, NSB 8094
Dana Sniegocki, NSB 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard, Ste. E-4
Las Vegas, Nevada 89146
Tel (702)383-6085
Fax (702)385-1827

Christian Gabroy, NSB 8805
Gabroy Law Offices
The District at Green Valley Ranch
170 S. Green Valley Pkwy, Ste 280
Henderson, NV 89012
Tel (702)259-7777
Fax (702)259-7704

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK COHN, Individually and on behalf of a class of all similarly situated persons,<br><br>      Plaintiff,<br><br>v.<br><br>RITZ TRANSPORTATION, INC., AWG AMBASSADOR, LLC, ALAN WAXLER, and RAYMOND CHENOWETH,<br><br>      Defendants. | Case No.: 2:11-CV-1832-JCM-RJJ<br><br>JOINT MOTION OF THE PARTIES FOR MODIFICATION OF THIS COURT'S DISCOVERY SCHEDULE<br><br>(SECOND REQUEST) |

The parties, through their respective counsel, hereby present this joint motion for a modification of the discovery schedule entered by this Court.

CURRENT DISCOVERY SCHEDULE

The Court has set October 31, 2012, as the date for the completion of discovery in this case (Docket #61, Order of

1

July 6, 2012).  It is the parties' understanding that such current schedule does not preclude expert discovery taking place after that date, subject to a request for the same, the parties being unsure at this point if expert testimony will be relied upon in this case.

RELEVANT PRIOR HISTORY AND NATURE OF THIS CASE

This case was commenced on October 26, 2011 in the District Court of the State of Nevada and removed to this Court on November 15, 2011.  This case makes "hybrid" Nevada State Law Rule 23 "opt out" class and FLSA "opt in" collective action allegations of unpaid overtime wages on behalf of defendants' driver employees.  The Court entered an initial scheduling order on February 14, 2012 (Docket #21) which set forth a July 31, 2012 date for the completion of discovery.  On July 5, 2012, this court entered its first order extending the discovery deadline to October 31, 2012.

An extension of the discovery deadlines is requested so that the parties can obtain and analyze the relevant data in this complex wage and hour case and is not for purposes of delay.  Discovery did not proceed as the parties and the Court had desired for three reasons: (1) On February 14, 2012, the Court also directed the circulation by mail of an "opt in" joinder notice under the FLSA and a 60 day post-notice joinder period.  A "second" notice mailing order was entered on March 29, 2012 (Docket #34) and had an "opt in" joinder period that extended until June 4, 2012—almost to the close of the original discovery period.  Ultimately a total of 59 persons elected to opt in to this litigation for

the FLSA case; (2) During the same time, Defendants retained new counsel to substitute for their original counsel in this matter, Norman Kirshman.  Mr. Kirshman had been out of the office a great deal due to the illness of a close family member.  The substitution process required a significant amount of time for incoming counsel to get familiar with the case and the discovery status; and (3) much of the discovery critical to both plaintiffs and defendants involves wage and payroll information.  It is important to note that during the relevant time period, there were two separate entities, Ritz and AWG, that later merged.  Moreover, there were several different time systems utilized by the Defendants during the relevant time period.  For example, prior to the merger, the Ritz drivers simply noted all hours worked on the driver's trip sheet.  This information was then manually entered into an excel spreadsheet and payroll was computed.  The Defendants made available all trip sheets to plaintiffs as early as April of this year, but they are only in hard-copy format, and difficult and time-consuming to evaluate.  The parties have cooperated on trying to pull additional data from the Ritz database.  However, one obstacle after another beyond the control of the parties occurred. By way of example, the individual that was assisting Defendants in obtaining electronic format of all available data unexpectedly passed away.  This delayed a determination on whether or not electronic data could be pulled from the old payroll system that is no longer in use.

As a result, the parties conferred and determined that

1 an inspection by Plaintiffs and their consultant would be
2 helpful.  Plaintiffs have inspected the computer data files.
3 Those files are stored on two different systems.  Some of
4 that computer data had to be re-assembled as it was no longer
5 being actively used.  These circumstances have complicated
6 and slowed the discovery process; however, the parties have
7 been diligently working towards obtaining the relevant data.
8 That data will then need to be analyzed and expert discovery
9 related to the same may need to be conducted.
10        CURRENT STATUS OF DISCOVERY
11        The parties have been working cooperatively to move
12 discovery forward.  Those efforts have included:
13 •      Defendants have provided a significant amount of
14 electronic records on the nature of the driving performed by
15 the putative class members, in particular their
16 transportation of passengers across state lines;
17 •      Defendants have made available all the underlying trip
18 sheets that contain the hours worked per day for each driver.
19 However, this documentation is in hard-copy form only and
20 difficult to evaluate.
21 •      Defendants had attempted to provide full and complete
22 copies of the computerized payroll and time records but,
23 unfortunately, were unable to do so owing to some issues with
24 accessing such computer data files.  The parties conferred
25 and conducted an inspection of the defendants' computer
26 system at defendants' place of business on September 18,
27 2012, with the assistance of a consultant retained by
28 plaintiffs' counsel.  As a result of that conferral and

4

1  inspection the parties now believe that the relevant data
2  files can be accessed and produced in the very near future;
3  •       Depositions of putative representative plaintiff Frank
4  Cohn is scheduled for September 27, 2012.  Named defendant
5  Alan Waxler will be deposed on September 28, 2012.  The other
6  named defendant, Mr. Chenoweth, is not currently in Las
7  Vegas, is elderly, and travel is difficult for him.  Thus,
8  scheduling his deposition has been more difficult, but will
9  be scheduled.  The parties are also arranging other necessary
10 depositions and continuing to provide other necessary
11 discovery.
12      WHY DISCOVERY SHOULD BE ALLOWED TO
13      CONTINUE PAST OCTOBER 31, 2012
14      The parties do not believe it will be possible to
15 complete all non-expert discovery in this case by October 31,
16 2012.  The relevant computer payroll data has still not been
17 collected and analyzed and such discovery is crucial to this
18 case.
19      The parties are in agreement that a full development of
20 the relevant facts and circumstances in this case through
21 discovery is in the interests of the parties and the Court.
22 The conducting of thorough discovery proceedings will greatly
23 increase the likelihood that the parties can resolve this
24 matter through settlement and spare the Court the burden of a
25 trial of this case.  It is unfortunate that discovery has not
26 proceeded more swiftly, but the parties have been reasonably
27 diligent in their efforts to move this case forward.  This is
28 complicated and potentially quite substantial class action

case.  It has not yet been pending for one year.  Neither party is claiming any prejudice will result from these proceedings taking a slower pace to conclusion. The parties' inability to complete discovery by October 31, 2012, is not meant for purposes of delay nor a result of neglect or inappropriate behavior, but simply the result of the complicated and unexpected circumstances encountered by this litigation.

    The parties submit an extension of discovery for the period of 90 days for fact discovery would allow them to complete discovery in this matter. Thereafter, the parties would conduct expert discovery as necessary. Accordingly, the parties request an appropriate extension of the current discovery schedule, as outlined below:

    1.   The current date for the close of fact discovery in this case is October 31, 2012.  The parties propose extending the new date to January 29, 2013.

    2.   The parties propose setting the deadline for initial expert disclosures to February 28, 2013.

    3.   The parties propose setting the deadline for rebuttal expert disclosures to March 30, 2013.

    4.   The parties propose setting a deadline for all expert discovery to April 29, 2013.

    4.   The parties propose setting the deadline for filing of dispositive motions to May 29, 2013.

    5.   The parties propose setting the deadline for filing a Pretrial Order if no dispositive motions are filed to June 29, 2013, or 30 days after a ruling on all dispositive

1  motions.

2      6.   In accordance with LR 26-3, the parties agree to
3  submit an interim status report on November 30, 2012, which
4  is 60 days prior to the new discovery deadline if the
5  aforementioned proposed extensions are granted.

6      7.   In accordance with LR 26-4, the parties agree that
7  any stipulation or motion for modification or extension of
8  the new discovery plan and scheduling order, if any, will be
9  made at least 20 days prior to the new discovery cut-off
10 date.

11

12    A status conference is currently scheduled in this case
13 for October 4, 2012, at 9:00 a.m.

14

15    For all the foregoing reasons, parties' joint motion
16 should be granted in its entirety together with such other
17 further and different relief that the Court deems proper.

18

19 Dated: September 19, 2012        Dated: September 19, 2012

20 LEON GREENBERG                   GARY BRANTON
   Leon Greenberg Professional     Branton Law Office, LLC.
21      Corporation

22 By: /s/ *Leon Greenberg*         By: /s/ *Gary Branton*
   Leon Greenberg, Esq.            Gary Branton, Esq.
23 Nevada Bar No. 8094              Nevada Bar No.: 4542
   2965 South Jones Blvd-          312 South Jones Blvd
24 Ste. E4                          Las Vegas, NV 89107
   Las Vegas, NV 89146              Telephone (702) 395-0320
25 Telephone (702) 383-6085

26

27

28

7