UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK COHN,<br><br>          Plaintiff,<br><br>v.<br><br>RITZ TRANSPORTATION, INC., et al.,<br><br>          Defendants. | 2:11-CV-1832 JCM (NJK) |

**ORDER**

Presently before the court are the report and recommendation of Magistrate Judge Koppe. (Doc. # 120). Plaintiffs filed objections to the report (doc. # 124), and defendants filed an opposition to those objections (doc. # 128).

In her report, Magistrate Judge Koppe found that an arbitration agreement signed by thirty-three of the plaintiffs in this matter is valid and enforceable. (Doc. # 120). Judge Koppe therefore recommended that the court dismiss the proceedings as to those thirty-three plaintiffs. *Id.* Plaintiffs objected, arguing that the arbitration agreement is not valid, and should not be enforced by the court. (Doc. # 124).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."

**James C. Mahan**
**U.S. District Judge**

28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The instant case involves claims arising under the Fair Labor Standards Act and Nevada state law. Defendant Ritz Transportation, Inc. was a shuttle transportation company operating in Las Vegas, Nevada. In June 2011, Ritz Transportation was purchased by AWG Charter Services, creating defendant AWG Ambassador, LLC. Defendants Alan Waxler and Raymond Chenoweth ("individual defendants") are former owners and managers of Ritz Transportation and AWG Ambassador ("corporate defendants"). Plaintiffs, sixty-six current and former employees of corporate defendants, claim that their compensation did not meet minimum and overtime wage requirements.

Thirty-three of the plaintiffs in this action signed an arbitration agreement stating

> This Agreement is governed by the federal Arbitration Act, 9 U.S.C. Sec. 1 et seq., and evidences a transaction involving interstate commerce. This agreement applies to any dispute arising out of or related to your employment with AWG Ambassador, LLC, or one of its affiliates, subsidiaries or parent companies ("Company") or termination of employment and obligates both you and the Company to submit such matters to arbitration. . . . This Agreement is intended to apply to the resolution of past, present and future disputes that otherwise would be resolved in a court of law and requires that all such disputes be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial, except as otherwise stated in this Agreement.
>
> This Agreement applies, without limitation, to disputes regarding the employment relationship . . . Fair Labor Standards Act . . . and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims. . . .
>
> **You and the Company agree there will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or as a class member in any purported class or collective proceeding ("Class Action Waiver").** Disputes regarding the validity and enforceability of the Class Action Waiver may be resolved only by a civil court of competent jurisdiction and not by an arbitrator. The Class Action Waiver, and any other provision of this Agreement, shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds to arbitration.

(Doc. # 97-4) (emphasis in original).

Despite Magistrate Judge Koppe's finding that these provisions are enforceable, plaintiffs argue that (a) the arbitration agreement is both procedurally and substantively unconscionable, (b) employee-employer class-action waivers are *per se* invalid, (c) the provisions are not valid as to employees hired after the start of this litigation, (d) these provisions do not apply to claims against the individual defendants, and (e) defendants should be required to pay any arbitration fees in excess of the cost of a civil suit. (Doc. # 124). The court will address each of these arguments in turn.

*(a)  Unconscionability*

In her report, Magistrate Judge Koppe found that the arbitration agreement was neither procedurally nor substantively unconscionable. (Doc. # 120 pp. 9-10). However, in their objections, plaintiffs assert that the arbitration agreement is invalid on both of these grounds. (Doc. # 124 pp. 8-12).

In terms of procedural unconscionability, plaintiffs claim that the arbitration agreement is invalid because it constitutes an impermissible contract of adhesion. The adhesion contract doctrine protects consumers from unfair contract terms presented on a "take it or leave it basis, without affording the consumer a realistic opportunity to bargain." *Kindred v. Second Judicial Dist. Court ex rel. Cnty. of Washoe*, 996 P.2d 903, 907 (Nev. 2000). However, the Nevada Supreme Court has declined to extend this doctrine to the employment context. *See id*. Therefore, plaintiffs' argument is misplaced.

Plaintiffs argue that the arbitration agreement is substantively unconscionable because it is based upon an illusory promise, as the employee handbook provides that its terms can be modified at the sole discretion of defendants. In her report, Magistrate Judge Koppe correctly observed that all contracts are limited by the covenant of good faith and fair dealing. *See, e.g.*, *Morris v. Bank of Am. Nevada*, 886 P.2d 454, 457 n.2 (Nev. 1994). A provision that allows employers to unilaterally modify contractual terms, without an actual demonstration of bad faith, does not render a contract illusory. *See Asmus v. Pac. Bell*, 999 P.2d 71, 79 (Cal. 2000) ("[T]he fact that one party reserves the implied power to terminate or modify a unilateral contract is not fatal to its enforcement, if the exercise of the power is subject to limitations, such as fairness and reasonable notice."). Indeed,

1   because plaintiffs do not show that defendants ever unfairly modified the terms of the employee
2   handbook or indicated that they were not equally bound by its terms, they fail to demonstrate that
3   it constituted an illusory contract.

4   Plaintiffs assert that the covenant of good faith and fair dealing is not applicable to this
5   contract because the arbitration agreement states, "No implied contract concerning any employment
6   related decision or term and condition of employment can be established by any other statement,
7   conduct, policy, or practice." However, this argument misses the mark, as the implied covenant of
8   good faith and fair dealing is not a contract in and of itself, but instead a term that is implicitly
9   included in *every* valid contract. *See Morris*, 886 P.2d at 457 n.2.

10   Thus, the court will adopt Magistrate Judge Koppe's finding that the arbitration agreement
11   is neither procedurally nor substantively unconscionable.

12   *(b)    Validity of the class-action waiver*

13   Plaintiffs, relying on a 2012 decision by the National Labor Relations Board, argue that
14   mandatory class-action waivers by employers necessarily violate provisions of the National Labor
15   Relations Act. *See In Re D. R. Horton, Inc.*, 357 NLRB No. 184 (Jan. 3, 2012). While the court may
16   choose to adopt the reasoning of the National Labor Relations Board based on analytical merit, such
17   decisions are not binding.

18   In addressing *D.R. Horton*, the Ninth Circuit recently observed, "[T]he two courts of appeals,
19   and the overwhelming majority of the district courts, to have considered the issue have determined
20   that they should not defer to the NLRB's decision in *D.R. Horton* on the ground that it conflicts with
21   the explicit pronouncements of the Supreme Court concerning the policies undergirding the Federal
22   Arbitration Act." *Richards v. Ernst & Young, LLP*, 2013 WL 6405045, at *2 n.3 (9th Cir. 2013).
23   Indeed, the Supreme Court recently reaffirmed that arbitration agreements, even those that limit
24   access to class-action proceedings, should be "rigorously enforced." *See Am. Exp. Co. v. Italian*
25   *Colors Rest.*, 133 S. Ct. 2304, 2309 (2013).

26   Therefore, because plaintiffs point to no controlling authority indicating that the class-action
27   waiver should not be given effect, the court will adopt Magistrate Judge Koppe's finding that the
28

**James C. Mahan**
**U.S. District Judge**

waiver is valid.

   *(c)   Enforcement against new employees*

Next, plaintiffs take issue with the fact that defendants continued to require new employees to sign the arbitration agreement after the commencement of this lawsuit. Plaintiffs request that the court decline to enforce the arbitration agreement against employees hired after this action began.

The court finds that defendants' actions in this respect were not improper. None of the new employees had opted into this lawsuit at the time defendants required them to sign the arbitration agreement. Furthermore, it is clear that defendants' policy requiring that new employees sign the agreement was in place long before this action began. Therefore, the arbitration agreement will be enforced as to the employees that were hired after this action commenced.

   *(d)   Arbitration of claims against individual defendants*

Plaintiffs assert that the individual defendants in this case were not signatories to the arbitration agreement, and therefore the claims against them are not subject to mandatory arbitration. As noted by Magistrate Judge Koppe, defendants Chenoweth and Waxler were agents of the corporate defendants, and were thus bound by the arbitration agreements. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). It would thwart the purpose of the Federal Arbitration Act if parties could renege on a promise to resolve claims through arbitration simply by naming individuals as defendants instead of a corporation with which they contracted. Accordingly, the court finds that defendants Chenoweth and Waxler were subject to the arbitration agreement.

   *(e)   Costs of arbitration*

Plaintiffs contend that if the arbitration agreement is found to be enforceable, the court should require arbitration only on the condition that plaintiffs not be required to pay arbitration fees that exceed the cost of a civil suit. The arbitration agreement states "[I]n all cases where required by law, the company will pay the arbitrator's and arbitration fees. If under applicable law the company is not required to pay all of the arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law . . . ." (Doc. # 97-4 p. 5).

. . .

**James C. Mahan**
**U.S. District Judge**

The Ninth Circuit requires that mandatory arbitration agreements, such as the one in the instant case, not expose a plaintiff to a greater financial risk than he would face if he litigated the claims in federal court. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 1004 (9th Cir. 2010). Though the magistrate judge's report is silent on the issue, the court finds that any arbitration fees in excess of the costs that would have been imposed had this case remained in this court must be borne by defendants. Additionally, each party shall pay its own attorneys' fees, subject to any remedies that the party may be entitled to under applicable law.

Thus, after reviewing Magistrate Judge Koppe's report, the plaintiffs' objections, and the underlying briefs de novo, the court will adopt the report and recommendation in full. In addition, the court orders that defendants pay any arbitration fees assessed against plaintiffs that are in excess of the costs plaintiffs would have paid if the action had remained in this court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Koppe (doc. # 120) are ADOPTED in their entirety.

IT IS FURTHER ORDERED that defendants' motions to dismiss and/or compel arbitration and strike class/collective claims (docs. ## 96 & 97) are GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE as to the thirty-three plaintiffs listed on pages five and six of defendants' motion to compel arbitration.

IT IS FURTHER ORDERED that defendants shall pay any arbitration fees incurred by these plaintiffs in excess of the costs that would have been incurred had the case remained in this court.

IT IS FURTHER ORDERED that plaintiffs' motion to supplement their objections (doc. # 131) is DENIED as moot.

DATED April 17, 2014.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE