**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK COHN, | |
| Plaintiff(s), | Case No. 2:11-cv-01832-JCM-NJK |
| vs. | ORDER |
| RITZ TRANSPORTATION, INC., et al., | (Docket No. 166) |
| Defendant(s). | |

On February 19, 2015, the Court ordered Plaintiffs David Daniels, William Simmons, Shawn Thompson, and Gary Chavez ("Plaintiffs") to show cause in writing, no later than March 5, 2015, why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule IA 4-1. Docket No. 166. Plaintiffs failed to respond to the order to show cause. *See* Docket. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court hereby **SANCTIONS** Plaintiffs as follows.

**I.    Background**

On December 1, 2014, the Court held a hearing on Plaintiffs' counsel's motion to withdraw as counsel for Plaintiffs David Daniels, William Simmons, Shawn Thompson, and Gary Chavez. *See* Docket Nos. 159, 163. The Court granted the motion to withdraw and ordered that either Plaintiffs' new counsel must enter an appearance, or Plaintiffs must file a notice of intent to proceed *pro se*, no later than January 5, 2015. Docket No. 163. No such notices of appearance or notices of intent to proceed *pro se* were filed. *See* Docket. On February 19, 2015, the Court ordered Plaintiffs

1  to show cause in writing, no later than March 5, 2015, why they should not be sanctioned pursuant
2  to Federal Rule of Civil Procedure 16(f) and Local Rule IA 4-1.  Docket No. 166.  Plaintiffs'
3  responses to that order to show cause were due no later than March 5, 2015.  *See id.*  All Plaintiffs
4  failed to respond.  *See* Docket.

## II. Standards

Parties and attorneys are required to follow Court orders.  Rule 16(f)[1] requires parties and attorneys to comply with pretrial orders and provides that a judge may order appropriate sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.  Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is unintentional).  Rule 16(f) "was designed not only to insure the expeditious and sound management of cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridan Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla.1992)).

Similar to Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on . . . [a] party appearing *pro se* who, without just cause . . . [f]ails to comply with any order of this Court."  Local Rule IA 4–1.

## III. Analysis

It is undisputed that Plaintiffs have violated three Court orders.  They violated the Court's November 4, 2014, order requiring them to attend the hearing on their counsel's motion to withdraw. *See* Docket Nos. 159, 163.  Plaintiffs then violated the Court's December 1, 2014, order that either each Plaintiffs' new counsel must enter an appearance, or Plaintiffs must each file a notice of intent to proceed *pro se*, no later than January 5, 2015. Docket No. 163.  No such notices of appearance or notices of intent to proceed *pro se* were filed.  *See* Docket.  Plaintiffs further violated the Court's

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

1  order of February 19, 2015, to show cause by not responding or requesting an extension of time in
2  which to respond. *See* Docket. The Court's order to show cause advised Plaintiffs that failure to
3  timely comply with the Court's orders may result in "a Court fine of up to $500." Docket No. 166.
4  In light of the failure to respond to the order to show cause, it appears that there is no justification
5  for these shortcomings and that sanctions are warranted.

6        This Court's Orders were clear. Plaintiffs' failure to abide by the Court's orders has
7  disrupted this Court's management of its docket and resulted in additional expense in the
8  administration of this case. *See Sanders v. Union Pacific Railroad Co.,* 154 F.3d 1037, 1041 (9th
9  Cir.1998) ("In our continuing efforts to achieve justice for individual litigants, we must not allow
10 the flagrant disobedience of judges' orders to bring about further delay and expense"). Moreover,
11 sanctions are appropriate as a means of deterring neglect of Rule 16 obligations. *See Media*
12 *Duplication Services v. HDG Software,* 928 F.2d 1228, 1242 (1st Cir. 1991) ("We have no hesitation
13 in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16]
14 obligation"). The Court finds that Plaintiffs David Daniels, William Simmons, Shawn Thompson,
15 and Gary Chavez should each be sanctioned in the amount of $50 for their failure to comply with
16 the Court's orders. Payment by each Plaintiff in the amount of $50 shall be made, no later than
17 **March 24, 2015**, as a court fine to the "Clerk, U.S. District Court." Plaintiffs shall each file proof
18 of payment within five days of payment.

19       The Court expects strict compliance with all Court orders, as well as the Local Rules, in the
20 future. The Court again cautions Plaintiffs that failure to do so may result in significant sanctions,
21 up to and including case-dispositive sanctions.

22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**IV. Conclusion**

Based on the foregoing, and good cause appearing therefore, the Court hereby **SANCTIONS** Plaintiffs David Daniels, William Simmons, Shawn Thompson, and Gary Chavez in the amount of $50 each, pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule IA 4–1.

IT IS SO ORDERED.

DATED: March 10, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge