UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK COHN, | Case No. 2:11-CV-1832 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| RITZ TRANSPORTATION, INC., et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Cohn v. Ritz Transportation, Inc., et al.*, case number 2:11-cv-01832-JCM-NJK.

## I.     Background

Plaintiff Frank Cohn initiated this lawsuit in the Eighth Judicial District Court in Clark County, Nevada on October 26, 2011.  (*See* doc. # 161).  Cohn claimed that defendants did not pay him and other "similarly situated persons," overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207 ("FLSA"), the Nevada Revised Statutes ("NRS") and common law claims.  (Doc. # 1, exh. A).  In addition, Cohn sought relief on behalf of himself and a collective of other "similarly situated persons" pursuant to 29 U.S.C. § 216.  (*Id.* at ¶ 20).

Defendants removed the case to this court on November 15, 2011.  (Doc. # 1).  Plaintiffs Cohn and other similarly situated persons filed an amended complaint on April 19, 2012.  (Doc. # 43).  The amended complaint alleged claims for: (1) unpaid overtime under the FLSA; (2) unpaid overtime under NRS § 608.018; (3) waiting-time penalties under NRS §§ 608.020, .030, and .040; (4) breach of contract as third party contract beneficiaries; (5) wrongful interference with prospective economic advantage; (6) conversion; and (7) retaliation under the FLSA.  (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

Plaintiffs Cohn and other similarly situated persons voluntarily dismissed his fourth, fifth, and sixth causes of action on January 10, 2014. (Doc. # 121).

At some point the parties reached a settlement agreement. On November 24, 2014, the parties submitted a proposed order requesting the court's approval of their confidential settlement agreement and release of all claims. (Doc. # 161). The parties' submission noted that four plaintiffs—David Daniels, William Simmons, Shawn Thompson, and Gary Chavez—were non-participating plaintiffs as they did not "opt in" to the settlement agreement. Counsel representing all of the individuals prosecuting the instant action had been unable to contact the non-participating plaintiffs regarding settlement of the lawsuit. Accordingly, because these four individuals had not participated in the settlement negotiations and agreements, they were not subject to the settlement agreement or the proposed order regarding stipulation of dismissal.

Counsel representing all of the prosecuting individuals moved to withdraw as counsel for the four non-participating plaintiffs ("plaintiffs"). The parties noted that defendants anticipated moving to dismiss these non-participating plaintiffs for their failure to participate and prosecute their claims in the lawsuit. (Doc. # 161).

On December 1, 2014, the magistrate judge held a hearing on counsel's motion to withdraw as counsel for plaintiffs David Daniels, William Simmons, Shawn Thompson, and Gary Chavez. (*See* docs. ## 159, 163). The court granted the motion to withdraw and ordered that either non-participating plaintiffs' new counsel must enter an appearance, or non-participating plaintiffs must file a notice of intent to proceed *pro se*, no later than January 5, 2015. (Doc. # 163). None of the non-participating plaintiffs filed any notices of appearance or notices of intent to proceed *pro se*.

On February 19, 2015, the magistrate judge ordered plaintiffs David Daniels, William Simmons, Shawn Thompson, and Gary Chavez to show cause in writing by March 5, 2015, why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule IA 4-1. (Doc. # 166). Each failed to respond to the order.

On March 10, 2015, the magistrate judge imposed sanctions on plaintiffs David Daniels, William Simmons, Shawn Thompson, and Gary Chavez in the amount of $50 each, pursuant to

**James C. Mahan**
**U.S. District Judge**

Federal Rule of Civil Procedure 16(f) and Local Rule IA 4-1. (Doc. # 169). To this date, plaintiffs have been unresponsive to the magistrate judge's order imposing sanctions.

The court now considers whether to dismiss the remaining claims by plaintiffs David Daniels, William Simmons, Shawn Thompson, and Gary Chavez, based on their failure to respond to court orders.

## II.     Discussion

Dismissal for failure to obey a court order is a harsh penalty and should be imposed only in extreme circumstances. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal citations and quotations omitted).

"These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id.* (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors. *Id.* A dismissal sanction will be overturned only if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id.* (internal citations and quotations omitted).

### 1. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Phynylpropanolamine*, 460 F.3d at 1227. Here, non-participating plaintiffs have failed to comply with multiple court orders by failing to appear at hearings despite having notice and being expressly warned that failure to appear at hearings or abide by court orders would result in sanctions. They have been sanctioned

**James C. Mahan**
**U.S. District Judge**

- 3 -

and, still, fail to respond to the court's order regarding payment of sanctions. This behavior is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action.

### 2. Court's Need to Manage Its Docket

The court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). The sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642 (1976).

Despite several attempts to allow plaintiffs to continue to pursue this matter, it appears that plaintiffs are ignoring, avoiding, or otherwise refusing to comply with the court's orders. It is undisputed that plaintiffs have violated three court orders. Plaintiffs violated the court's November 4, 2014, order requiring them to attend the hearing on their counsel's motion to withdraw. (*See* docs. ## 159, 163). Plaintiffs then violated the court's December 1, 2014, order that either each plaintiffs' new counsel must enter an appearance, or plaintiffs must each file a notice of intent to proceed *pro se*, no later than January 5, 2015. (Doc. # 163). Plaintiffs all failed to file any notices of appearance or notices of intent to proceed *pro se*.

Plaintiffs further violated the court's February 19, 2015, order to show cause by not responding or requesting an extension of time to respond. The court's order to show cause advised plaintiffs that failure to timely comply may result in "a Court fine of up to $500." (Doc. # 166). In light of the failure to respond to the order to show cause, the court imposed sanctions. Despite the court's imposition of sanctions, plaintiffs have remained unresponsive. Plaintiffs have not provided any justification for their failures to appear at hearings or their failures to comply with court orders, including the court's order imposing sanctions. These failures have thwarted the advancement of this case making it difficult for the court to effectively manage its docket.

. . .

. . .

**3. Risk of Prejudice**

The actions of an opposing party that impair the ability to go to trial or interferes with the rightful decision of the case are prejudicial. *Cf. Adriana Intern. Corp. v. Thoeren,* 913 F.2d 1406, 1413 (9th Cir. 1990). All other plaintiffs have entered into a confidential settlement agreement with defendants. The non-participating plaintiffs did not "opt in" to the settlement negotiations, and therefore are not bound by those agreements. However, non-participating plaintiffs' decision to not "opt in" was not a strategic decision to separately prosecute their case. Instead, plaintiffs completely "rendered themselves *incommunicado*" from their counsel, necessitating counsel's withdrawal as their representation. (*See* docs. ## 158, 163). Plaintiffs seem to have no interest in moving forward with this case. Their refusal to participate is highly prejudicial and interferes with the rightful decision of the case.

**4. Public Policy**

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Phynylpropanolamine*, 460 F.3d at 1228. Although this factor may cut against dismissal, it is not enough, standing alone, to prevent dismissal.

**5. Less Drastic Sanctions**

The court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131. Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id.* at 132. Less drastic sanctions would not be effective in this case. Plaintiffs have repeatedly demonstrated their willingness to ignore court orders. The court has made every effort to avoid entering dismissal, including permitting plaintiffs to cure their prior failures to appear by filing any indication with the court of their intention to proceed with prosecution of this case. Nevertheless, plaintiffs have not appeared at the hearings or responded to court orders, including an order issuing sanctions against them. Plaintiffs continue to frustrate the advancement of this case.

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all remaining claims by plaintiffs David Daniels, William Simmons, Shawn Thompson, and Gary Chavez be, and the same hereby are, DISMISSED without prejudice.  The clerk is instructed to close the case.

DATED March 26, 2015.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -